Charles **DICKENS**, District
Judge, Applicant,

v.

Yvonne **PALMER**, Clerk, Second Court
of Appeals, Respondent.

No. 69469.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 9, 1985.

Tim Curry, Dist. Atty. and C. Chris Marshall, Asst. Dist. Atty., for applicant.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

W.C. DAVIS, Judge.

Applicant seeks to invoke this Court's original jurisdiction to issue writs of mandamus and certiorari pursuant to Article 5,

Sec. 5 of the Texas Constitution and Article 4.04, V.A.C.C.P.

■ Applicant is judge of the 297th district court in Tarrant County. The Fort Worth Court of Appeals conditionally granted a writ of mandamus against applicant, ordering him to grant discovery in a pending criminal prosecution. *Reynold v. Dickens,* 685 S.W.2d 479 (Tex.App.—Ft. Worth 1985). Applicant filed, in this Court, a motion seeking a writ of mandamus to order the Court of Appeals to vacate its judgment and opinion and to dismiss the defendant's mandamus application. At the same time, in order to "cover all bases," applicant also submitted a petition for discretionary review on the same issue to the Clerk of the Fort Worth Court of Appeals, the respondent in this matter. Respondent returned applicant's petition for review stating that it was "a matter which should not be filed." Applicant then filed a "Motion to Reconsider the Decision Not to File the Petition for Review Submitted by Hon. Charles Dickens." The Court of Appeals, in an order signed by Chief Justice Howard M. Fender, denied applicant's motion. Applicant then filed a motion in this Court seeking a writ of mandamus or certiorari ordering respondent to file his petition for review and forward it and the original record to this court.[1]

The issue in this case is whether the clerk of a Court of Appeals has a mandatory duty to file a petition for discretionary review and forward it and the original record in the case to this Court. The two-step test which must be met in order to obtain relief by writ of mandamus is that (1) applicant must first demonstrate that no other adequate remedy at law is available and (2) the act sought to be compelled must be a ministerial act rather than a discretionary one. *State ex rel. Holmes v. Den-*

*son,* 671 S.W.2d 896 (Tex.Cr.App.1984); *Ordunez v. Bean,* 579 S.W.2d 911 (Tex.Cr. App.1979); *State ex rel. Vance v. Routt,* 571 S.W.2d 903 (Tex.Cr.App.1978).

■ Art. 44.45, V.A.C.C.P., describes the procedure for review of decisions of the Court of Appeals by the Court of Criminal Appeals. Excluding extraordinary writs, the only method by which a defendant can bring his cause before this Court is by petition for discretionary review. The appellant must file his petition in the Court of Appeals and if the Court of Appeals, in the guise of the clerk, refuses to so file it, the defendant's appeal cannot be presented to this Court for consideration. Thus, it is apparent that applicant has no remedy to challenge the actions of the clerk and compel the filing of his petition other than by extraordinary writ to this court.

Art. 44.45(b), in pertinent part states that:

> (2) The petition *shall* be filed with the clerk of the court of appeals which rendered the decision within 30 days after the final ruling of the court of appeals.
>
> *   *   *   *   *   *
>
> (5) Within 15 days after the filing of a petition for review, the clerk of the court of appeals *shall* note the filing on the record and forward the petition together with the original record and the opinion of the court of appeals to the Court of Criminal Appeals. (emphasis added).

See also Tex.Cr.App.R. 304.

As can be seen by the language of Art. 44.45, the filing of a petition is a procedural matter that "shall" be done by the clerk of the Court of Appeals. Neither this Court's rules nor the Code of Criminal Procedure vests any discretion in the Court of Appeals in regard to the filing of a petition

---

**1.** At this time applicant's motion seeking a writ of mandamus or certiorari on the merits of the discovery issue and the authority of the Court of Appeals to issue writs of mandamus is pending before this Court. In the instant application applicant notes that he doubts that the vehicle of a petition for review is an appropriate method to challenge the Court of Appeals' action.

But, he states that he attempted to file one and brings this action as a protective measure to have his claim heard. Although it has no bearing on the instant action, applicant is correct that a petition for review is not the proper avenue of review for a mandamus action. *Jacolos v. State,* 692 S.W.2d 724 (Tex.Cr.App.1985).

**420**

for review. The clerk is simply required to perform a ministerial duty—the mandatory filing of the petition and forwarding it together with the record of the case, to this Court.

Respondent argues that the Court of Appeals declines to file applications for writs of error in civil mandamus cases because relief may only be sought by application for writ of mandamus to the Texas Supreme Court, as the Supreme Court has no appellate jurisdiction in mandamus actions. Respondent contends that the refusal to file applicant's petition for review concerning the writ of mandamus granted by the Court of Appeals is analogous to the practice followed in civil mandamus actions.

■ The Court of Appeals, whether it be the clerk or the court itself, has not been granted authority to review the merits of a petition for review that is properly presented to be filed in the court. Whether *this Court* has jurisdiction over the *merits* of the petition for review is another issue altogether and one which must be decided by this Court.[2] *Ex Parte Paprskar*, 573 S.W.2d 525 (Tex.Cr.App.1978); *Reid v. State*, 169 Tex.Cr.R. 261, 333 S.W.2d 140 (1960); *Hinman v. State*, 54 Tex.Cr.R. 434, 113 S.W. 280 (1908). We reiterate that the filing of a petition for review and the forwarding of it and the record is a mandatory, ministerial duty. Art. 44.45(b).

■ Accordingly, it is ordered, adjudged, and decreed that, contingent on applicant's tendering of the petition at issue in this action,[3] respondent file applicant's petition and forward it and the record of the case to this Court in accord with Art. 44.45, V.A.C.C.P. No writ shall issue unless this order is not followed.

It is so ordered.

TOM G. DAVIS, J., not participating.

**2.** As mentioned previously in n. 1, the issue has recently been decided contrary to applicant's position. *Jacolos,* supra.