Michael Ray WHITSITT, Applicant

v.

Hon. Lanny RAMSAY, Judge, 8th Judicial District Court, and Hon. Patsy P.
Barton, County-District Clerk, Respondents.

No. 69636.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 12, 1986.

R.K. Weaver, Dallas, Walter C. Prentice, Austin, for applicant.

Jim Mattox, Atty. Gen., and Mary F. Keller & F. Scott McCown, Asst. Attys. Gen., Austin, Robert Huttash, State's Atty., Austin, for respondents.

## OPINION

WHITE, Judge.

This is an original application for writ of mandamus by which applicant seeks to have a post-trial order entered by respondent trial judge set aside. This Court has jurisdiction to issue writs of mandamus pursuant to article V, section 5 of the Texas Constitution and article 4.04, section 1, V.A.C.C.P.

A jury convicted applicant in two causes of hindering a secured creditor. In return for a recommended sentence by the State, applicant agreed to waive jury-assessed punishment and his right to appeal. Applicant waived his right to appeal prior to assessment of punishment and further orally waived appeal after the granting of probation. The respondent trial court (hereinafter "trial court") followed the recommended sentence, but applicant proceeded to timely file a notice of appeal. Upon learning of applicant's action, the trial court directed the respondent district clerk (hereinafter "district clerk") to "hold in abeyance any further preparation of the attempted appeal by the defendant." The trial court also scheduled a hearing to determine whether applicant should be allowed to appeal. The district clerk filed the notice of appeal but did not forward it to the Court of Appeals.

Applicant contends that the trial court exceeded its authority by interfering with the appellate process. He requests this Court to issue a writ of mandamus which would: order the trial court to vacate its order given to the district clerk; order the district clerk to forward the notice of appeal to the Court of Appeals and proceed with the preparation of the appellate record; order relief relating to appeal bond and attorney's fees.

Applicant is correct that the trial court's action was improper. Article 44.08, V.A.C.C.P. provides in pertinent part that:

"(a) It shall be necessary for defendant, as a condition of perfecting an appeal to the Court of Appeals, to give notice of appeal. This notice may be

given orally in open court or may be in writing and filed in duplicate with the clerk. If notice is given orally in open court, the clerk shall in duplicate reduce the same to writing. In either case, the clerk of the trial court *shall* note upon the duplicate the file number of the case and the date the notice of appeal was filed or given and *forward it to the appropriate Court of Appeals.* " (Emphasis added)

The plain language of the statute shows that forwarding the notice of appeal is a procedural matter that "shall" be done by the clerk. *See Dickens v. Palmer*, 697 S.W.2d 418, 419–420 (Tex.Cr.App.1985). Neither the trial court nor the district clerk had any discretion in regard to forwarding the notice of appeal.

■ In order for mandamus to issue, the party seeking mandamus must show that there is no other adequate remedy available and that the act sought to be mandated is ministerial. *Texas Bd. of Pardons and Paroles v. Miller*, 590 S.W.2d 142, 143 (Tex.Cr.App.1979). Applicant has met both requirements.

■ Applicant has no other adequate remedy. His attempt to appeal has been blocked by the trial court, and habeas corpus is not available because applicant does not have a "final conviction" within art. 11.07, V.A.C.C.P. by virtue of his filed notice of appeal.

Also, vacating the order would be a ministerial act. *Homan v. Hughes*, 708 S.W.2d 449, 452 (Tex.Cr.App.1986). As indicated above, forwarding the notice of appeal is a mandatory, ministerial duty. Art. 44.08(a), V.A.C.C.P.; *Dickens*, supra.

Accordingly, it is ordered that the trial court vacate its order which instructed the district clerk to "hold" the notice of appeal and scheduled a "show cause" hearing. We believe the district clerk will then comply with her duty under article 44.08. We are also confident that the trial court will

respond to applicant's request for an appeal bond.[1] No mandamus shall issue unless this order is not followed.

It is so ordered.

CAMPBELL, J., concurs in the result.

Given the scenario of the events, TEAGUE, J., believes that Judge Ramsay has in all things acted properly and legally in this cause; therefore, he dissents to the action of the majority.

ONION, Presiding Judge, concurring.

While it cannot be doubted that this Court has jurisdiction to issue writs of mandamus pursuant to Article V, § 5, Tex. Const., and Article 4.04, § 1, V.A.C.C.P., it is my opinion that as a policy matter this cause would be best left to the Court of Appeals to whom the appeal was taken and whose jurisdiction is here involved.

The application for writ of mandamus should have been filed there. I concur only.

MILLER, Judge, concurring.

The holding of the majority is, in essence, that in the absence of express statutory authority the trial court cannot "deny" an appeal. *Homan v. Hughes*, 708 S.W.2d 449 (Tex.Cr.App.1986). I am concerned that the parties may not realize that the question of appellant's waiver of his right to appeal may be contested in the Court of Appeals before they receive the entire record.

In my view, the State may file a motion to dismiss the appeal in the Court of Appeals bringing up only that portion of the testimony and statement of facts germane to the question of appellant's waiver. See Texas Rule of Appellate Procedure, especially R. 72.

The important holding in this case is that this is a question for the Court of Appeals to decide, not the trial judge. With these remarks I join the majority opinion.

---

1. As noted above, applicant requested that we order the trial court to bear the costs of the application for writ of mandamus. Applicant does not point us to any authority for this Court to grant such relief.