**The STATE of Texas ex rel. John B. HOLMES, Jr., District Attorney, Harris County, Texas, Relator,**

v.

**Honorable Johnny KOLENDA, Judge of the 337th District Court, and Ray Hardy, District Clerk of Harris County, Texas, Respondents.**

No. 01–88–00491–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 21, 1988.

Rehearing Denied Aug. 11, 1988.

Calvin A. Hartmann, Asst. Dist. Atty., Harris County, for relator.

Donald Lambright, Schaffer, Lambright & Odom, Loren A. Detamore, Detamore & Detamore, Houston, for respondents.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

OPINION

PER CURIAM.

Relator, the State of Texas ex rel. John B. Holmes, Jr., District Attorney for Harris County, Texas, asks this Court to order respondent, the Honorable Johnny Kolenda, Judge of the 337th District Court, to vacate his order instructing the District Clerk of Harris County, Ray Hardy, to strike relator's notice of appeal in two cases and further ordering respondent Hardy not to forward the record of these cases.

After this Court granted relator's motion for leave, both respondents and both real parties in interest filed responses to relator's petition for writ of mandamus.

This Court has jurisdiction under Tex. Gov't.Code Ann. sec. 22.221 (Vernon Pamph.1988). A writ of mandamus may be granted in order to set aside an unauthorized order entered by the trial court. *Ho-*

*man v. Hughes,* 708 S.W.2d 449, 452 (Tex. Crim.App.1986). A party may obtain a writ of mandamus if two requirements are established: (1) the act sought to be compelled is ministerial, and (2) there is no other adequate remedy at law available. *Id.*

The trial court granted motions to suppress in *State v. Pamela C. Lopez,* cause no. 491,772, and *State v. Ricky T. Smith,* cause no. 491,785. Relator filed notices of appeal in both cases, under the newly granted authority of Tex.Code Crim.P.Ann. art. 44.01 (Vernon Supp.1988). Defendants Lopez and Smith, the real parties in interest in this proceeding, then filed a motion to set aside the notices of appeal on the basis that the notices failed to contain a certificate of service. The trial court granted the motion in each case, ordering each notice of appeal filed by relator to be struck.

The disposition of this case is controlled by *Whitsitt v. Ramsay,* 719 S.W.2d 333 (Tex.Crim.App.1986). In *Whitsitt,* the Court of Criminal Appeals held that the "plain language of the statute shows that forwarding the notice of appeal is a procedural matter that 'shall' be done by the clerk." The court stated clearly that "neither the trial court nor the district clerk had any discretion in regard to forwarding the notice of appeal." 719 S.W.2d at 335; *see also Homan v. Hughes,* 708 S.W.2d at 452–453; *Ybarra v. Azios,* 751 S.W.2d 727 (Tex.App.—Houston [14th Dist.], 1988). Tex.R.App.P. 40(b) provides in pertinent part that "the clerk of the trial court shall note on copies of the notice of appeal the number of the cause and the day that notice was filed, and shall immediately send one copy to the clerk of the appropriate court of appeals and one copy to the attorney for the state."

Whether or not a notice of appeal is proper or effective is "a question for the Court of Appeals to decide, not the trial judge." *Whitsitt v. Ramsay,* 719 S.W.2d at 335 (Miller, J., concurring). We need not reach the merits of the real parties in interest's arguments about the ineffectiveness of the notices of appeal filed by relator at this time. Such arguments may be addressed by motions to dismiss filed after the filing of the transcript of the appeal. *See* Tex.R.App.P. 72.

Relator is entitled to a writ of mandamus. The forwarding of the notices of appeal is a minsterial act, and there is no adequate remedy at law available.

The writ of mandamus is conditionally granted as to respondent, Judge Kolenda. We are confident that Judge Kolenda will vacate his order striking relator's notices of appeal, and a writ of mandamus will issue only if he fails to do so.

The writ of mandamus is overruled against respondent Ray Hardy because relator failed to establish this Court's jurisdiction over that respondent.