Petition for Writ of Mandamus and Writ of Prohibition Conditionally
Granted and Opinion filed July 20, 2004









Petition for Writ of Mandamus and Writ of Prohibition
Conditionally Granted and Opinion filed July 20, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00629-CV

____________

 

IN RE THE STATE OF TEXAS

EX REL. KURT SISTRUNK, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF PROHIBITION AND

WRIT
OF MANDAMUS

 



 

O P I N I O N

On July 1, 2004, relator, Kurt Sistrunk, Criminal
District Attorney of Galveston County, Texas, filed a petition for writ of
prohibition and writ of mandamus in this court. 
See Tex. Gov=t Code Ann. ' 22.221 (Vernon Supp. 2004); see
also Tex. R. App. P. 52.  In his petition, relator asked this court to
order respondent, the Honorable Susan Criss, Judge of the 212th Judicial
District Court of Galveston County, Texas, to desist from any further
proceedings in cause number 96CR1644, styled The State of Texas v. Haki
Danaj, in which judgment and sentence were signed March 1, 2004.  Relator claimed that any action by the trial
court is void because the court no longer has jurisdiction over the cause.

 








BACKGROUND

After a guilty plea, Haki Danaj was convicted of manslaughter
for the shooting death of Femi Halili. 
On March 1, 2004, in accordance with the terms of a plea bargain
agreement with the State, the trial court sentenced him to confinement in the
Institutional Division of the Texas Department of Criminal Justice for two
years.  At the plea proceedings, members
of the deceased=s family were present. 
The record indicates the victim=s sister-in-law gave some testimony,
but that testimony is not part of our record. 
Apparently, other family members were not given an opportunity to
provide victim impact testimony.  The
record before this court indicates no written victim impact statements were
filed at the time of the plea.  On March
25, 2004, the deceased=s family members and others filed an Aamicus curiae@ notice of appeal attempting to
challenge Danaj=s sentence.  No motion
for new trial was filed, and Danaj waived his right of appeal as part of his
plea agreement.[1]


By letter signed May 4, 2004, respondent ordered counsel for
the amici and the State to submit briefs addressing the right, if any, of a
crime victim to appeal.  Briefs were
filed as ordered, and, at the amici=s request, respondent set a hearing
for July 2, 2004, to address the amici=s attempt to challenge Danaj=s sentence.  The State filed an emergency motion for stay and
this original proceeding in this court. 
It appeared from the facts stated in the petition that relator=s request for relief required further
consideration and that relator would have been prejudiced unless immediate
temporary relief were granted.  See
Tex. R. App. P. 52.8(b),
52.10.  Accordingly, on July 1, 2004,
this court stayed all proceedings in this matter pending resolution of this
petition and requested a response to the petition.  The amici have filed a response.  








STANDARD OF REVIEW

In a criminal case, mandamus relief is authorized only if the
relator establishes (1) he has no other adequate legal remedy; and (2) under
the relevant facts and law, the act sought to be compelled is purely ministerial.  State ex rel. Hill v. Court of Appeals for
Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001).  An act is Aministerial@ if it does not involve the exercise
of discretion.  Id.  In some circumstances, a remedy at law may
technically exist; however, it nevertheless may be so uncertain, tedious,
burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed
inadequate.  Stearnes v. Clinton,
780 S.W.2d 216, 225 (Tex. Crim. App. 1989).

Mandamus is available when a trial judge enters an order
without statutory authority. In re State, 50 S.W.3d 100, 102 (Tex. App.CEl Paso 2001, orig. proceeding).  An order entered without authority is void,
and mandamus is the appropriate remedy when a trial court enters a void
order.  In re Dickason, 987 S.W.2d
570, 571 (Tex. 1998) (orig. proceeding); State ex rel. Holmes v. Honorable
Court of Appeals for Third Dist., 885 S.W.2d 389, 396 (Tex. Crim. App.
1994).  

A writ of prohibition is proper to prevent a trial court from
acting when the court lacks jurisdiction. 
Bd. of Disciplinary Appeals v. McFall, 888 S.W.2d 471, 472 (Tex.
1994) (orig. proceeding).  The writ is designed
to operate like an injunction issued by a superior court to control, limit, or
prevent action in a court of inferior jurisdiction.  Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 682 (Tex. 1989).  A writ
of prohibition directs a lower court to refrain from doing some act, while a
writ of mandamus commands a lower court to do some act.  Tilton v. Marshall, 925 S.W.2d 672,
676 n. 4 (Tex. 1996).  The same
principles control the use of both writs when they are invoked to correct the
unlawful assumption of jurisdiction by an inferior court.  Id.  Accordingly, either writ is an appropriate
means to require a trial court to vacate a void order arising out of an
erroneous assertion of jurisdiction.  Id.








DISCUSSION

Relator asserts respondent has no authority to determine the
jurisdiction of a court of appeals by considering the propriety of the amici=s notice of appeal.  In addition, relator contends the trial court
has lost jurisdiction over this case and has no power to conduct a hearing on
the amici=s attempted challenge to Danaj=s sentence. 

A.  The Right of Appeal and
Appellate Jurisdiction

A defendant in any criminal action has the right of appeal
under the prescribed  rules.  Tex.
Code Crim. Proc. Ann. art. 44.02 (Vernon 1979); Tex. R. App. P. 25.2(a)(2). 
The State also has a right to appeal certain enumerated orders.  Tex.
Code Crim. Proc. Ann. art. 44.01 (Vernon Supp. 2004); Tex. R. App. P. 25.2(a)(1).  If there is a question concerning the right
to appeal certain matters, it is a matter within the jurisdiction of the court
of appeals to decide and not within the jurisdiction of the trial court to
decide.  Campos v. State, 818
S.W.2d 872, 875 (Tex. App.CHouston [14th Dist.] 1991, pet. ref=d). 
In the absence of express statutory authority, the trial court cannot Adeny@ an appeal.  Homan v. Hughes, 708 S.W.2d 449,
452-53 (Tex. Crim. App. 1986);  Whitsitt
v. Ramsay, 719 S.W.2d 333, 335 (Tex. Crim. App. 1986).  In Whitsitt, the Court of Criminal
Appeals held that forwarding the notice of appeal is a procedural matter that Ashall@ be done by the clerk.  719 S.W.2d at 335 The court stated clearly
that Aneither the trial court nor the
district clerk had any discretion in regard to forwarding the notice of appeal.@ 
Id.;  see also Ybarra v.
Azios, 751 S.W.2d 727, 728 (Tex. App.CHouston [14th Dist.] 1988, orig.
proceeding) (conditionally granting mandamus against judge who ordered
defendant could not appeal without court=s consent).  Whether or not a notice of appeal is proper
or effective is Aa question for the Court of Appeals to decide, not the trial
judge.@ 
Whitsitt, 719 S.W.2d at 335 (Miller, J., concurring).  Even when there is no statutory right to
appellate review, the trial court has no authority to prevent notice of appeal
to the court of appeals.  Faerman v.
State, 966 S.W.2d 843, 847 (Tex. App.CHouston [14th Dist.] 1998, no
pet.).  








Accordingly, we hold respondent has no authority to determine
whether the notice of appeal filed by the amici is proper or effective because
that determination lies within the court of appeals= jurisdiction.

B.  Victims= Rights

The Texas Constitution recognizes the rights of crime victims
to be treated with fairness and dignity. 
Tex. Const. art. I, ' 30 (ACrime Victims= Bill of Rights@).[2]  These rights, as more fully described, are
codified at Texas Code of Criminal Procedure article 56.02.  Tex.
Code Crim. Proc. Ann. art. 56.02 (Vernon Supp. 2004).  As the statute makes clear, however, Aa victim, guardian of a victim, or
close relative of a deceased victim does not have standing to participate as a
party in a criminal proceeding or to contest the disposition of any charge.@ 
Tex. Code Crim. Proc. Ann.
art. 56.02(d) (Vernon Supp. 2004).[3]








ABefore accepting a plea of guilty or
a plea of nolo contendere, the court shall inquire as to whether a victim
impact statement has been returned to the attorney representing the state and
ask for a copy of the statement if one has been returned.@ 
Tex. Code Crim. Proc. Ann.
art. 26.13(e) (Vernon Supp. 2004). 
However, the legislature also provided that Athe failure of the court to comply
with Subsection (e) of this article is not grounds for the defendant to set
aside the conviction, sentence, or plea.@  See Tex.
Code Crim. Proc. Ann. art. 26.13(f) (Vernon Supp.1998). 

The amici seek to have the trial court Are-do the sentencing process
utilizing the procedures to which they are entitled by constitution and
statute.@ 
They complain the prosecutor failed to inform them about procedures,
misinformed them about their opportunity to address the court, and was verbally
abusive to them.  They allege they were
not informed about their right to prepare a victim impact statement until the
day of the plea proceeding.[4]  They further complain that the trial court
failed to respect their rights by allowing the plea proceeding to continue
after it was apparent victim impact statements had not been prepared. 








The amici refer to the legislative history of article 56.02
of the Texas Code of Criminal Procedure, as reprinted in State Ex Rel.
Hilbig v. McDonald, 839 S.W.2d 854, 859-66 (Tex. App.CSan Antonio 1992, orig.
proceeding).  Based upon the committee
bill analysis, the amici assert that because the prosecution was entrusted to
protect the rights of victims so that victims would not be forced to litigate
to enforce their rights, the legislature did not provide a remedy for the
violation of victims= rights.  See id.
at 861 (AThe district attorney=s office would have to safeguard
these rights.@); see also Tex. Code Crim. Proc. Ann. Art.
56.02(c) (Vernon Supp. 2004) (AThe office of the attorney representing the state, and the
sheriff, police, and other law enforcement agencies shall ensure to the extent
practicable that a victim, guardian of a victim, or close relative of a
deceased victim is afforded the rights granted by . . . this article and, or
request, an explanation of those rights.@). 
The amici ask that this court craft a remedy to enable them to enforce
their rights because the prosecutor failed to ensure their rights were
protected.

Based upon the plain language of the statutes, the amici have
no standing to appeal to challenge Danaj=s sentence or the procedures at the
sentencing hearing related to their rights as family members of a deceased
victim.  The statute clearly provides
they may not be parties to a criminal proceeding and they may not challenge the
disposition of the defendant=s case.  Tex. Code Crim. Proc. Ann. art.
56.02(d) (Vernon Supp. 2004).  In
addition, if non-compliance with victim impact statement provisions does not
provide a ground for a defendant to set aside his sentence, such non-compliance
surely provides no ground for the victims to challenge the sentence.  See Tex.
Code Crim. Proc. Ann. art. 26.13(f) (Vernon Supp.2004). 

The amici recognize that the law does not provide a remedy
for victims when their rights are violated. 
They concede in their response to this petition that AJudge Criss=s order to set a hearing on July 2,
2004, was not sanctioned within the Rules of Appellate Procedure and the Code
of Criminal Procedure; however, the family feels that a hearing, whether ordered
by this Court or the trial court, would be an appropriate measure.@ 
Neither this court nor the trial court have the power to order such a
hearing.

C.  Jurisdiction of the Trial Court








The trial court=s jurisdiction expires when a case
becomes final or is taken to a higher court. 
Yarbrough v. State, 703 S.W.2d 645, 649 (Tex. Crim. App.
1985).  A trial court then has only
limited jurisdiction to perform functions specified by statute, such as finding
facts on an application for writ of habeas corpus.  State v. Patrick, 86 S.W.3d 592, 594
(Tex. Crim. App. 2002).  Without
jurisdiction, the trial court has no power to act.  Id. at 595.  

In addition to express grants of power conferred by
constitution, statute, or common law, courts have inherent and implied
powers.  State v. Johnson, 821
S.W.2d 609, 612 (Tex. Crim. App. 1991) (citing with favor Eichelberger v.
Eichelberger, 582 S.W.2d 395, 398 (Tex. 1979)).  The inherent powers of a court are those
which it may call upon to aid in the exercise of its jurisdiction, in the
administration of justice, and in the preservation of its independence and
integrity.  Id.  A court=s implied powers are those powers
which can and ought to be implied from an express grant of power.  Id.  


The trial court has limited power to act in a case after
judgment is entered.  Plenary power does
not create jurisdiction where none exists under the law.  Ex parte Donaldson, 86 S.W.3d 231, 234
(Tex. Crim. App. 2002).  To the extent
that a judge has plenary power over a proceeding, that power is limited by the
Rules of Appellate Procedure and by statute.[5]  Awadelkariem v. State, 974 S.W.2d 721,
728 (Tex. Crim. App. 1998). 








Generally, a trial court has plenary jurisdiction over a case
for the first thirty days after sentencing because it has the authority to
receive a motion for new trial (or motion in arrest of judgment) within that
time period and to resolve the merits of that motion within 75 days after
sentencing.  See Tex. R. App. P. 21, 22; McClinton v.
State, 121 S.W.3d 768, 778 n.1 (Tex. Crim. App. 2003) (Cochran, J.,
concurring).  A court has inherent power
to correct, modify, vacate, or amend its own rulings so long as the court does
not exceed a statutory time table.[6]  Awadelkariem, 974 S.W.2d 728.  This power is also limited, however.  For example, a trial court does not have the
authority to grant a new trial unless the defendant requests it.  Zaragosa v. State, 588 S.W.2d 322,
326-27 (Tex. Crim. App. 1979).  In
addition, a trial court cannot grant new trial as to only the punishment phase
of trial.  State v. Hight, 907
S.W.2d 845, 846‑47 (Tex. Crim. App. 1995).

A trial court is also limited in its ability to modify a
defendant=s sentence.  The Court of Criminal Appeals has invalidated
attempts to cumulate sentences at a later date if the trial judge did not
impose such cumulation order at the first sentencing hearing and when the
defendant already has begun serving the first sentence imposed.[7]  See, e.g., Ex parte Voelkel, 517
S.W.2d 291, 292 (Tex. Crim. App.1975) (where defendant=s sentences were cumulated after he
already had begun serving the sentence the court imposed the day before).  Also, attempts by a trial court to re‑sentence
a defendant to take an enhancement paragraph into account have been held
void.  After sentence is first imposed,
the trial court is without power to set aside that sentence and order a new
sentence to increase the punishment.  See Ex parte Reynolds, 462 S.W.2d 605, 608
(Tex. Crim. App. 1970);  Tooke v.
State, 642 S.W.2d 514, 518 (Tex. App.CHouston [14th Dist.] 1982, no pet.).








The amici contend the trial court should have the duty to
enforce the victims= rights by sua sponte motion, equating this situation
to a court=s duty to withdraw a defendant=s guilty plea when an issue as to the
defendant=s innocence is fairly and reasonably
raised.  See Griffin v. State, 703
S.W.2d 193, 195-96 (Tex. Crim. App. 1986) (plurality op.);  Lincoln v. State, 560 S.W.2d 657,
658-59 (Tex. Crim. App. 1978). 
Withdrawal of a guilty plea at the plea proceeding is not analogous to a
court=s power to act after sentencing and
expiration of its jurisdiction, however. 


Here, Danaj was sentenced on March 1, 2004.  No motion for new trial was filed.  The trial court=s plenary power over the judgment has
expired.  We hold the trial court lacks
jurisdiction, including any inherent or implied authority, to conduct a hearing
and rule on the amici=s notice of appeal. 
Furthermore, the trial court has no power to re-sentence Danaj.

CONCLUSION

The trial court lacks jurisdiction to conduct a hearing on
the amici=s notice of appeal. Furthermore, the
trial court has no authority to determine whether a notice of appeal is proper
or effective.  Because the trial court is
acting beyond its authority and the State has no other adequate remedy, we find
that extraordinary relief is appropriate. 
Respondent is directed to desist from further orders, hearings, or other
proceedings concerning the amici=s attempt to challenge Danaj=s sentence or the sentencing
procedures by notice of appeal.  We
conditionally grant relator=s petition for writ of prohibition and writ of mandamus.  The writs will not issue unless respondent
fails to comply with this court=s directive.

 

PER CURIAM

 

Petition Conditionally Granted and
Opinion filed July 20, 2004.

Panel consists of Chief Justice
Hedges and Justices Hudson and Frost.

 











[1]  The record
indicates Danaj was released from the Galveston County Jail on March 29, 2004,
for time served and placed on parole. 
His parole was subsequently revoked and Danaj was remanded to the
Institutional Division of the Texas Department of Criminal Justice, with a
projected release date in July, 2004.





[2]  The Texas
Constitution provides for the following victims= rights:

(a) A crime victim has the following rights:

(1) the right to be treated with fairness and with
respect for the victim's dignity and privacy throughout the criminal justice
process;  and

(2) the right to be reasonably protected from the
accused throughout the criminal justice process.

(b) On the request of a crime victim, the crime victim
has the following rights:

(1) the right to notification of court proceedings;

(2) the right to be present at all public court
proceedings related to the offense, unless the victim is to testify and the
court determines that the victim's testimony would be materially affected if
the victim hears other testimony at the trial;

(3) the right to confer with a representative of the
prosecutor=s office;

(4) the right to restitution; and

(5) the right to information about the conviction,
sentence, imprisonment, and release of the accused.

Tex. Const. art. I, ' 30 (a),
(b).  





[3]  A>Victim= means a person who is the victim of sexual assault,
kidnapping, or aggravated robbery or who has suffered bodily injury or death as
a result of the criminal conduct of another.@  Tex.
Code Crim. Proc. Ann. art. 56.01(3) (Vernon Supp. 2004).  A>Close
relative of a deceased victim= means a person who was the spouse of a deceased
victim at the time of the victim=s death
or who is a parent or adult brother, sister, or child of the deceased victim.@  Tex. Code Crim. Proc. Ann. art.
56.01(1) (Vernon Supp. 2004).





[4]  The State
provided an affidavit from Rachel Leal, the Victim Assistance Coordinator for
the Office of the Criminal District Attorney of Galveston County.  In her affidavit, Ms. Leal averred that
shortly after the indictment was returned, on December 10, 1996, she mailing a
victim impact packet containing a letter of explanation, victim impact
statement, and application for Texas Crime Victims> Compensation, to the next-of-kin shown on the offense
report.  In their briefing filed in the
trial court, the amici denied receipt of this packet.  The record indicates the amici were provided
a subsequent packet, which was completed and returned on April 1, 2004, after
sentencing.





[5]  For example,
the legislature specifically granted trial courts limited power to modify a
sentence to impose Ashock probation@ within
180 days after sentencing.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 6(a) (Vernon Supp. 2004) 





[6]  A trial court
may also correct clerical mistakes in a judgment or order after the expiration
of the court=s plenary power, by entry of a judgment nunc pro
tunc.  State v. Bates, 889 S.W.2d
306, 309 (Tex. Crim. App. 1994).





[7]  A sentence
commences the day it is pronounced unless defendant appeals his
conviction.  Tex. Code Crim. Proc. Ann. art. 42.09(1) (Vernon Supp.2004).