NOS.
12-07-00272-CR

         
12-07-00273-CR

         
12-07-00274-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      APPEAL
FROM THE EIGHTH

IN RE:

§                      JUDICIAL
DISTRICT COURT OF

TIMOTHY TOM TALKINGTON

§                      RAINS
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Timothy
Tom Talkington seeks a writ of mandamus requiring the District Clerk of Rains
County, Texas to transmit his notice of appeal to this court.  We deny the petition.

            A
court of appeals has the authority to issue writs of mandamus against a judge
of a district or county in the court of appeals district and all writs
necessary to enforce its jurisdiction.  Tex. Gov’t Code Ann. § 22.221 (Vernon
2004).  For mandamus to issue, the party
seeking mandamus must show that there is no other adequate remedy available and
that the act sought to be mandated is ministerial.  Whitsitt v. Ramsay, 719 S.W.2d
333, 335 (Tex. Crim. App. 1986).  In
order for a district clerk to fall within our jurisdictional reach, it must be
established that the issuance of the writ of mandamus is necessary to enforce
our jurisdiction.  See Tex. Gov’t Code Ann. § 22.221(a); In
re Coronado, 980 S.W.2d 691, 692-93 (Tex. App.–San Antonio 1998, orig.
proceeding).  We have jurisdiction to
issue a writ of mandamus against a district clerk for failure to forward to
this court a notice of appeal delivered to the clerk for filing because such is
necessary to enforce our jurisdiction.  In
re Washington, 7 S.W.3d 181, 182 (Tex. App.–Houston [1st Dist.] 1999,
orig. proceeding). 

            Talkington
alleges that he was convicted for the felony offenses of aggravated sexual
assault and indecency with a child in trial court cause numbers 4265, 4266, and
4267.  He alleges further that on June
23, 2005, his counsel filed a notice of appeal in these causes with the Rains
County District Clerk who failed to transmit the notice to this court.  As proof that his notice of appeal was filed,
Talkington refers us to an exhibit attached to his mandamus petition.  However, the document Talkington relies upon
is the trial court’s certification of Talkington’s right to appeal in each
trial court cause, see Tex. R.
App. P. 25.2(d), not a notice of appeal. 
See Tex. R. App. P. 26.2.  Nothing in the record before us shows that
Talkington’s counsel filed a notice of appeal in the referenced cause
numbers.  Because Talkington has not
demonstrated that the notice of appeal was filed with the district clerk for
transmission to this court, he has not shown that he is entitled to mandamus
relief.  Accordingly, the petition for
writ of mandamus is denied.

 

 

 

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

 

 

Opinion
delivered July 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)