# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00482-CV

### In re Charles Christopher Lancaster

### ORIGINAL PROCEEDING FROM BASTROP COUNTY

### M E M O R A N D U M   O P I N I O N

Charles Lancaster, appearing pro se, filed a petition for writ of mandamus seeking to compel the trial court clerk to forward his notice of appeal to the appropriate appellate court. The record reflects that Lancaster waived his right to appeal in exchange for a favorable plea bargain agreement in a separate prosecution originating out of Williamson County, Texas. The trial court clerk contends that Lancaster's notice of appeal need not be forwarded to this Court in light of his waiver of the right to appeal. We disagree.

Upon receipt of a defendant's notice of appeal, a trial court clerk "must then immediately send one copy" to the clerk of the appropriate court of appeals. Tex. R. App. P. 25.2(e). "[F]orwarding the notice of appeal is a mandatory, ministerial duty" and failure to do so, even where a defendant has waived his right to appeal, is subject to mandamus relief. *Whitsitt v. Ramsay*, 719 S.W.2d 333, 334-35 (Tex. Crim. App. 1986); *see also Iles v. State*, 127 S.W.3d 347, 351 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (observing that even though appellant waived right to appeal, "[o]nce appellant's counsel filed the notices of appeal, the district clerk had a mandatory duty to forward them to the proper appellate court."). A trial court may not disallow the filing of a

notice of appeal because "[t]his Court, not any other, retains the power to determine the existence and limits of its jurisdiction." *Perez v. State*, 4 S.W.3d 305, 307 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("when a notice of appeal . . . is delivered to the clerk for filing, any further determination concerning appellate jurisdiction must be made by the appellate court.").

In light of the fact that "neither the trial court nor the district clerk has any discretion in regard to forwarding the notice of appeal," *Whitsitt*, 719 S.W.2d at 335, we conditionally grant the petition for writ of mandamus. The writ will issue only in the event that the trial court clerk does not act in accordance with this opinion. To the extent, however, that Lancaster's petition may be construed as a request that the trial court be compelled to certify that he has a right to appeal, that request is denied.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Filed:   August 22, 2008

2