In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00071-CV


______________________________




ORVILLE HURLEY, DEE HURLEY,


SONDRA D. HURLEY, AND JUSTIN COLE HURLEY, Appellants


V.



WOOD COUNTY ELECTRIC COOPERATIVE, INC., Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 2006-854




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Appellants, Orville Hurley, Dee Hurley, Sondra D. Hurley, and Justin Cole Hurley, have filed
a motion seeking to dismiss their appeal. Pursuant to Rule 42.1 of the Texas Rules of Appellate
Procedure, their motion is granted. See Tex. R. App. P. 42.1.

 We dismiss the appeal.



 Bailey C. Moseley

 Justice


Date Submitted: September 21, 2009

Date Decided: September 22, 2009




t-align: center">No. 06-06-00043-CV
______________________________



IN RE:
SAMMY EARL WOODS




                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION
            Sammy Earl Woods has filed in this Court a petition for writ of mandamus in which he seeks
the return of $462.00. 
            First, we note that Woods has not made clear to whom he refers when he asks this Court to
order "them to answer my motions" and to order "them to return" the money to him. We read the
pronoun "them" as a likely reference to the district attorney's office, over which we have no
jurisdiction to issue a writ of mandamus. See Tex. Gov't Code Ann. § 22.221(b) (Vernon 2004);
Garner v. Gately, 909 S.W.2d 61, 62 (Tex. App.—Waco 1995, orig. proceeding). As an
intermediate court of appeals, this Court has authority to issue writs of mandamus agreeable to the
principles of law regulating those writs against district and county court judges within our district.


 
See Tex. Gov't Code Ann. § 22.221(b). 
            Even reading the petition as a request that this Court direct the trial court to order the return
of $462.00, we conclude Woods has not provided this Court with an adequate record to demonstrate 
he is entitled to the relief sought. In his petition, he asserts that an order dated October 24, 2005,
required the return of the money. But Woods has provided us no such order. Woods has attached
to his petition copies of only two documents, neither of which orders the return of any currency.
            One of the orders Woods has attached to his petition denies his request for a bench warrant
and orders that a trial in the underlying proceeding, trial court cause number CV-305, be set for 
October 24, 2005. Woods has not shown that the trial that was to be held October 24, 2005, resulted
in an order that the money be returned to him.
            The other order attached to Woods' petition is one filed March 16, 2005, granting the State's
motion to dismiss in connection with another, seemingly unrelated, cause number. We cannot
determine the relationship of this order to the petition before us. We only note that, if such order is,
in fact, a dismissal of an action seeking return of the $462.00, Woods' most likely remedy, if any,
concerning that order would be through appeal. If that is the case, mandamus is not available. 
Mandamus issues only when the party seeking mandamus has shown that there is no other adequate
remedy available and that the act sought to be mandated is ministerial. See Braxton v. Dunn, 803
S.W.2d 318, 320 (Tex. Crim. App. 1991); Whitsitt v. Ramsay, 719 S.W.2d 333, 335 (Tex. Crim.
App. 1986).
            The very limited record before us fails to show that Woods is entitled to mandamus relief. 
See Tex. R. App. P. 52.3(j)(1). Extracting what information we can from his three-sentence petition
and the two documents included with his petition, we conclude that Woods has not shown he is
entitled to the remedy he seeks.
 
 
            We deny the petition for writ of mandamus.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          April 26, 2006
Date Decided:             April 27, 2006