# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00679-CV

**In re Tony Cervantes**

## ORIGINAL PROCEEDING FROM MILAM COUNTY

## M E M O R A N D U M   O P I N I O N

Tony Cervantes seeks a writ ordering the district clerk to provide him with twenty-five categories of documents from his previous trial in which he was convicted of indecency with a child by contact. He was sentenced to twenty-five years as a habitual felon. Cervantes asserts that he wishes to use these documents to assist him in preparing a petition for writ of habeas corpus. Because we conclude that Cervantes has not shown that the district clerk has failed to perform a ministerial duty, we deny the petition.

We have no jurisdiction to issue a writ of mandamus against a district clerk unless such is necessary to enforce our jurisdiction, such as ordering the clerk to file or forward a notice of appeal. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding). In order for mandamus to issue, the party seeking mandamus must show that there is no other adequate remedy available and that the act sought to be mandated is ministerial. *Whitsitt v. Ramsay*, 719 S.W.2d 333, 335 (Tex. Crim. App. 1986) (orig. proceeding). Before mandamus relief may issue, the petitioner must establish that the district court (1) had a legal duty to perform

a non-discretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992).

Cervantes demands a broad range of documents. He wants such documents as the motion to withdraw by his attorney as well as the order on that ruling, lab reports and rape kits, and his attorney's pretrial records such as phone logs. These documents do not appear to be necessary to determine whether this Court has jurisdiction over an appeal or original proceeding. Further, although he claims he has requested a number of documents from the clerk's office, it is not clear from his petition that they are the same documents he requests in his petition. It is also not clear that either the clerk or the reporter has such documents as phone logs. We do not appear to have jurisdiction to provide the relief Cervantes requests and he has not shown that he has requested that the district clerk perform a ministerial duty and failed to do so. Cervantes has not shown himself entitled to mandamus relief.

The petition for writ of mandamus is denied.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed: January 8, 2010

2