

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00212-CR

_____

IN RE:
BRIAN KEITH MELTON

_____

Original Mandamus Proceeding

_____

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Brian Keith Melton's original 2001 plea agreement, entered in two cases, called for giving him credit for 258 days against his sentences. The problem with that agreement was that such credit exceeded the maximum amount of credit legally available in Melton's situation. As a result, there have been various efforts initiated by Melton seeking to solve the problem, including the pro se petition for writ of mandamus now before this Court in these two cases.[1]

As part of his corrective efforts, Melton filed motions for judgment nunc pro tunc with the trial court. Melton claims the trial court denied the motions and, as a result, now petitions this Court for mandamus relief.[2] Because there is nothing in the record before us establishing that the trial court has ruled on the motions, we deny Melton's requested relief.[3]

A trial court shall give a defendant credit toward the defendant's sentence for time he or she spent in jail from the time of his or her arrest and confinement until the defendant is sentenced by the trial court. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1), (2) (Vernon Supp. 2010). The trial court cannot, however, give credit for noncustody time. *Ex parte Hayward*, 711 S.W.2d

[1]Melton's plea agreement was entered July 5, 2001, in trial court cause numbers 20,570 and 20,572, in each of which he was charged with burglary of a habitation, based on offenses committed January 24, 2001, and March 27, 2001, respectively. Under the plea agreement, Melton would be sentenced to twenty years' incarceration in each case and receive credit for 258 days. This agreement on credit against his sentences, however, was not honored by the Texas Department of Criminal Justice–Institutional Division. That started this series of efforts.

[2]Melton is correct in that, if the trial court in fact did or does deny his motion for judgment nunc pro tunc, mandamus is the appropriate next step. *Ex parte Florence*, 319 S.W.3d 695 (Tex. Crim. App. 2010); *Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004).

[3]Melton was convicted in trial court cause numbers 20,570 and 20,572; he filed a distinct motion for judgment nunc pro tunc in each of the cases, but has filed a single petition for writ of mandamus. The issues and arguments in the two trial causes are identical, so the single petition for mandamus relief is appropriate.

2

652, 656 (Tex. Crim. App. 1986); *see also Ex parte Harvey*, 846 S.W.2d 328, 329 (Tex. Crim. App. 1993) (jail time credited by trial court may not exceed time between date of commission of offense and imposition of sentence). Taking into account the offense and sentence dates from Melton's judgments, if it is assumed he was arrested immediately, on the dates of the offenses, he could have served only 162 days in jail for the January 24, 2001, offense and only 100 days for the March 27, 2001, offense. Obviously, this does not account for any time during which Melton was not in custody so that he could commit the March 27 offense, but that calculation is not necessary for our purposes.

According to Melton's petition, prison officials would not give him credit for the 258 days as ordered in the trial court's judgments because that number of credited days would pre-date both offense dates. Melton filed an application for habeas corpus relief, and the Texas Court of Criminal Appeals ordered the trial court to conduct a hearing and make findings of fact and conclusions of law. *Ex parte Melton*, Nos. 44,431-02, 44,431-03 (Tex. Crim. App. Aug. 14, 2002) (not designated for publication). The trial court's resulting findings and conclusions stated that the 258 days of jail credit were part of the plea agreement between the State and Melton, that the 258 days' credit would result "in a sentence begin date which predates the offense date by 157 days,"[4] that Melton was entitled to the additional 157 days of credit, and that nunc pro tunc judgments should be entered to effectuate the plea agreement and ensure Melton received the

---

[4]The trial court issued one set of findings and conclusions, bearing the two cause numbers of Melton's two cases. The trial court did not distinguish or take into consideration the separate March offense date for Melton's second case.

3

number of days' credit promised him in the plea agreement.  The trial court then entered a judgment nunc pro tunc for each of Melton's cases, where the trial court changed Melton's sentences to nineteen years and 200 days, and again credited Melton with 258 days served.[5]  The Texas Court of Criminal Appeals denied Melton's applications for habeas relief.

In June 2010, Melton filed motions for judgments nunc pro tunc with the trial court, in which he asked the trial court to order compliance with the plea agreement and sentence of July 5, 2001.  In other words, Melton asked the trial court to correct the judgments nunc pro tunc entered in January 2003 so that the judgments would track the *original* plea agreement that was reflected in the original July 5, 2001, judgments.[6]

Melton has attached several documents to his petition to this Court, including the original judgments; the trial court's findings and conclusions; the trial court's judgments nunc pro tunc, entered in January 2003; and Melton's motions for judgment nunc pro tunc filed in June 2010. We have not, however, been provided with any order from the trial court disposing of Melton's June 2010 motions for nunc pro tunc relief.  Melton states in his petition that the district clerk has told Melton the motions were denied, but we have no evidence of that before us.

---

[5]Regardless of whether these acts by the trial court were erroneous, *see Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986); *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984), those judgments are not before us.

[6]Melton also complains that fines were assessed in the judgments, in spite of the plea agreement that no fine was to be assessed in either case.   We point out the imposition of $249.25 on each case represents court costs, not fines.

The extraordinary remedy of mandamus is available only in cases in which (1) the relator has no other adequate remedy at law, and (2) he or she seeks to compel a ministerial act.[7] *Collier v. Poe*, 732 S.W.2d 332, 345 (Tex. Crim. App. 1987); *Dickens*, 727 S.W.2d at 550; *Holmes v. Kolenda*, 756 S.W.2d 39, 40 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding). It is a relator's burden to establish his or her entitlement to mandamus relief. *Dickens*, 727 S.W.2d at 548. It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

Because the record before us does not establish that Melton has shown himself entitled to mandamus relief,[8] we deny his petition for writ of mandamus.

Melton also seeks to have this Court deem his pleas of guilty involuntary,[9] as the excess time credited in the plea agreement and judgments renders the plea agreement unenforceable; to withdraw Melton's pleas; or, in the alternative, to transfer this petition for writ of mandamus to the Texas Court of Criminal Appeals. These are not proper subjects of mandamus relief, and this Court lacks jurisdiction to grant any of the requested relief.

---

[7]When the Texas Court of Criminal Appeals reviews a court of appeals' mandamus ruling, it can also consider whether the court of appeals clearly abused its discretion. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 550 (Tex. Crim. App. 1987).

[8]Although Melton states in his petition that he complied with Section 501.0081 of the Texas Government Code, there is nothing in the record before us confirming such compliance. TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).

[9]It does not appear Melton pursued a direct appeal of his convictions.

We deny the petition.

Josh R. Morriss, III
Chief Justice

Date Submitted:     December 1, 2010
Date Decided:       December 2, 2010

Do Not Publish