In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00212-CR

                                                ______________________________

 

 

 

                                                                        IN
RE:

BRIAN
KEITH MELTON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Brian Keith Melton’s original 2001
plea agreement, entered in two cases, called for giving him credit for 258 days
against his sentences.  The problem with
that agreement was that such credit exceeded the maximum amount of credit
legally available in Melton’s situation. 
As a result, there have been various efforts initiated by Melton seeking
to solve the problem, including the pro se petition for writ of mandamus now
before this Court in these two cases.[1]

            As part of his corrective efforts,
Melton filed motions for judgment nunc pro tunc with the trial court.  Melton claims the trial court denied the
motions and, as a result, now petitions this Court for mandamus relief.[2]  Because there is nothing in the record before
us establishing that the trial court has ruled on the motions, we deny Melton’s
requested relief.[3]

            A trial court shall give a defendant
credit toward the defendant’s sentence for time he or she spent in jail from
the time of his or her arrest and confinement until the defendant is sentenced
by the trial court.  Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1), (2) (Vernon
Supp. 2010).  The trial court cannot,
however, give credit for noncustody time. 
Ex parte Hayward, 711 S.W.2d
652, 656 (Tex. Crim. App. 1986); see also
Ex parte Harvey, 846 S.W.2d 328, 329
(Tex. Crim. App. 1993) (jail time credited by trial court may not exceed time
between date of commission of offense and imposition of sentence).  Taking into account the offense and sentence
dates from Melton’s judgments, if it is assumed he was arrested immediately, on
the dates of the offenses, he could have served only 162 days in jail for the
January 24, 2001, offense and only 100 days for the March 27, 2001,
offense.  Obviously, this does not
account for any time during which Melton was not in custody so that he could
commit the March 27 offense, but that calculation is not necessary for our
purposes.

            According to Melton’s petition,
prison officials would not give him credit for the 258 days as ordered in the
trial court’s judgments because that number of credited days would pre-date
both offense dates.  Melton filed an
application for habeas corpus relief, and the Texas Court of Criminal Appeals
ordered the trial court to conduct a hearing and make findings of fact and
conclusions of law.  Ex parte Melton, Nos. 44,431-02, 44,431-03 (Tex. Crim. App. Aug.
14, 2002) (not designated for publication). 
The trial court’s resulting findings and conclusions stated that the 258
days of jail credit were part of the plea agreement between the State and
Melton, that the 258 days’ credit would result “in a sentence begin date which
predates the offense date by 157 days,”[4] that
Melton was entitled to the additional 157 days of credit, and that nunc pro
tunc judgments should be entered to effectuate the plea agreement and ensure
Melton received the number of days’ credit promised him in the plea
agreement.  The trial court then entered
a judgment nunc pro tunc for each of Melton’s cases, where the trial court
changed Melton’s sentences to nineteen years and 200 days, and again credited
Melton with 258 days served.[5]  The Texas Court of Criminal Appeals denied
Melton’s applications for habeas relief.

            In June 2010, Melton filed motions
for judgments nunc pro tunc with the
trial court, in which he asked the trial court to order compliance with the
plea agreement and sentence of July 5, 2001. 
In other words, Melton asked the trial court to correct the judgments nunc
pro tunc entered in January 2003 so that the judgments would track the original plea agreement that was
reflected in the original July 5, 2001, judgments.[6]

            Melton has attached several
documents to his petition to this Court, including the original judgments; the
trial court’s findings and conclusions; the trial court’s judgments nunc pro
tunc, entered in January 2003; and Melton’s motions for judgment nunc pro tunc
filed in June 2010.  We have not,
however, been provided with any order from the trial court disposing of Melton’s
June 2010 motions for nunc pro tunc relief. 
Melton states in his petition that the district clerk has told Melton
the motions were denied, but we have no evidence of that before us.

            The extraordinary remedy of mandamus
is available only in cases in which (1) the relator has no other adequate
remedy at law, and (2) he or she seeks to compel a ministerial act.[7]  Collier
v. Poe, 732 S.W.2d 332, 345 (Tex. Crim. App. 1987); Dickens, 727 S.W.2d at 550; Holmes
v. Kolenda, 756 S.W.2d 39, 40 (Tex. 
App.—Houston [1st Dist.] 1988, orig. proceeding).  It is a relator’s burden to establish his or
her entitlement to mandamus relief.  Dickens, 727 S.W.2d at 548.  It is the relator’s burden to provide this
Court with a sufficient record to establish his or her right to mandamus
relief.  Walker v. Packer, 827
S.W.2d 833, 837 (Tex. 1992); In re Pilgrim’s Pride Corp., 187 S.W.3d
197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); see Tex. R. App. P.
52.3.

            Because the record before us does
not establish that Melton has shown himself entitled to mandamus relief,[8]
we deny his petition for writ of mandamus.

            Melton also seeks to have this Court
deem his pleas of guilty involuntary,[9]
as the excess time credited in the plea agreement and judgments renders the
plea agreement unenforceable; to withdraw Melton’s pleas; or, in the
alternative, to transfer this petition for writ of mandamus to the Texas Court
of Criminal Appeals.  These are not
proper subjects of mandamus relief, and this Court lacks jurisdiction to grant
any of the requested relief.

            We deny the petition.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          December 1, 2010       

Date
Decided:             December 2, 2010

 

Do Not
Publish

 

 











[1]Melton’s
plea agreement was entered July 5, 2001, in trial court cause numbers 20,570
and 20,572, in each of which he was charged with burglary of a habitation,
based on offenses committed January 24, 2001, and March 27, 2001, respectively.  Under the plea agreement, Melton would be
sentenced to twenty years’ incarceration in each case and receive credit for
258 days.  This agreement on credit against
his sentences, however, was not honored by the Texas Department of Criminal
Justice–Institutional
Division.  That started this series of
efforts.

 





[2]Melton
is correct in that, if the trial court in fact did or does deny his motion for
judgment nunc pro tunc, mandamus is the appropriate next step.  Ex
parte Florence, 319 S.W.3d 695 (Tex. Crim. App. 2010); Ex parte Ybarra, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004).

 





[3]Melton
was convicted in trial court cause numbers 20,570 and 20,572; he filed a
distinct motion for judgment nunc pro tunc in each of the cases, but has filed
a single petition for writ of mandamus. 
The issues and arguments in the two trial causes are identical, so the
single petition for mandamus relief is appropriate. 





[4]The
trial court issued one set of findings and conclusions, bearing the two cause
numbers of Melton’s two cases.  The trial
court did not distinguish or take into consideration the separate March offense
date for Melton’s second case. 





[5]Regardless
of whether these acts by the trial court were erroneous, see Ex parte Dopps, 723
S.W.2d 669, 671 (Tex. Crim. App. 1986); Wilson
v. State, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984), those judgments are
not before us.

 





[6]Melton
also complains that fines were assessed in the judgments, in spite of the plea
agreement that no fine was to be assessed in either case.  We point out the imposition of $249.25 on
each case represents court costs, not fines.

 





[7]When
the Texas Court of Criminal Appeals reviews a court of appeals’ mandamus
ruling, it can also consider whether the court of appeals clearly abused its
discretion.  Dickens v. Second Court of Appeals, 727 S.W.2d 542, 550 (Tex. Crim.
App. 1987).

 





[8]Although
Melton states in his petition that he complied with Section 501.0081 of the
Texas Government Code, there is nothing in the record before us confirming such
compliance.  Tex. Gov’t Code Ann. §
501.0081 (Vernon 2004).  

 





[9]It
does not appear Melton pursued a direct appeal of his convictions.