**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 7, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01047-CR

---

## IN RE LEON HARRISON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 635921**

---

## MEMORANDUM OPINION

Relator Leon Harrison, an offender incarcerated in the Institutional Division of the Texas Department of Criminal Justice, filed a *pro se* petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Belinda Hill, presiding judge of the 230th District Court of Harris County to "address" his notice of appeal from an order signed September 24, 2012, which found that a DNA test conducted pursuant to article 64.05 of the Texas Code of Criminal Procedure was

not favorable to relator.[1] Relator asserts that he filed a notice of appeal with the trial court clerk on or about October 16, 2012, but no appellate case has been opened.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is relator's burden to properly request and show his entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). When filing a petition for writ of mandamus, a relator is required to file a certified or sworn copy of every document that is material to his claim for relief. *See* Tex. R. App. P. 52.7(a).

Relator did not provide this court with a copy of the notice of appeal when he filed his petition for writ of mandamus. He asserts that he filed a copy of the notice of appeal with this court on or about October 19, 2012, after he filed the notice in the trial court. We find no record of relator's notice of appeal.

Moreover, when complaining that a notice of appeal has not been processed, relator is required to seek mandamus against the Harris County District Clerk, not the trial judge. The trial court clerk has a mandatory ministerial duty to forward a notice of appeal to the court of appeals. *Whitsitt v. Ramsay*, 719 S.W.2d 333, 335 (Tex. Crim. App. 1986) (orig. proceeding). We have jurisdiction to grant

---

[1] Relator was previously denied DNA testing, and this court affirmed the denials. *See Harrison v. State,* No. 14-02-01239-CR, 2003 WL 22902265 (Tex. App.—Houston [14th Dist.] Dec. 9, 2003, pet. ref'd); *Harrison v. State,* No. 14-07-00387-CR, 2008 WL 330711 (Tex. App.—Houston [14th Dist.] Jan. 29, 2008, pet. ref'd).

mandamus relief when a district clerk fails to forward a notice of appeal to the court of appeals because issuance of the writ is necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221(a), (b); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

In addition, relator recites in his petition that he is represented by counsel in connection with the appeal of the trial court's ruling on his motion for DNA testing. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). When a relator is represented by counsel, courts may treat a *pro se* petition for writ of mandamus as presenting nothing for the court's consideration. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *see also Gray v. Shipley*, 877 S.W.2d 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (denying leave to file *pro se* petition for writ of mandamus where relator was represented by counsel).

Relator has not established that he is entitled to an extraordinary writ. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Brown and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).