**Ex parte Gabrino Trevino HERNANDEZ.**

**No. 69320.**

Court of Criminal Appeals of Texas, En Banc.

March 5, 1986.

Don Higginbotham, Georgetown, for appellant.

Edward J. Walsh, Dist. Atty., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

This is a postconviction habeas corpus proceeding pursuant to Article 11.07, V.A. C.C.P. Facts of the matter are undisputed. The sole issue is one of law.

In April 1982 applicant pleaded guilty to a charge of indecency with a child, and in accordance with Article 42.12, § 3d(a), V.A. C.C.P., the trial court found evidence substantiated guilt, deferred further proceedings without entering an adjudication of guilt and placed applicant on "probation." In May 1983 the State moved to set aside the deferred adjudication order, alleging three violations of a condition of probation. Represented by court appointed counsel at a hearing for the trial court to determine whether to proceed with an adjudication of guilt on the original charge, applicant pleaded "not true," but after hearing evidence and argument of counsel the court set aside the deferred adjudication order and proceeded to adjudicate applicant guilty of the original charge. The trial court assessed punishment at confinement for fifteen years and one day and imposed sentence accordingly.

Applicant gave notice of appeal and filed an affidavit of indigency. He alleges that "on several occasions" he has requested a transcription of the notes of the court reporter taken at the initial plea proceeding and at the adjudication proceeding. The trial judge refused to appoint appellate counsel and to order an appellate record prepared. Indeed, it is alleged that though notice of appeal was "duly given" the record has not been made to reflect that fact, as prescribed by Article 44.08, § (d).

This application for writ of habeas corpus followed. Implicitly at least, applicant contends that he is being denied his right of appeal vouchsafed by Article 44.02, V.A. C.C.P., and thus denied due process, Fifth and Fourteenth Amendments, and due course of law, Article I, § 19, Constitution of the State of Texas. Conformably with Article 11.07, § 2(c), the convicting court made appropriate findings. Among others there is a finding of fact and a significant conclusion of law, *viz:*

> "Further, the original plea of guilty was the result of a plea agreement, the punishment assessed at that time did not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, and the trial court has not given permission to appeal that cause. Therefore, *pursuant to Article 26.13(a)(3)*, applicant has no right to appeal that cause."[1]

The convicting court recommended that relief be denied, in part upon that conclusion.[2] We turn to address that issue of law.

It is now axiomatic that this Court is not bound by findings, conclusions or recommendations from a convicting court in reaching a decision on a postconviction application for habeas corpus. *Ex parte Bates*, 640 S.W.2d 894, 898 (Tex.Cr.App.

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. As well there is the following:
   "The Court further finds that the application is without merit in that it attempts to seek an appeal from an order setting aside a deferred

   adjudication. Such an order is not subject to appeal. Article 42.12 Sec. 3d(b) C.C.P."
   Since § 3d(b) expressly precludes him from doing so, see discussion *post,* to the extent that applicant claims a right to appeal from a determination to proceed to adjudication of guilt, we may not grant that aspect of his prayer for relief that he "may proceed with *his appeal.*"

1982); see also Article 11.07, § 3. In this instance we accept the finding of fact, and though we must reject the legal conclusion we will follow the recommendation, albeit for different reasons.

In Article 42.12, V.A.C.C.P., as it then existed and as recently revised by Acts 1985, 69th Leg., Ch. 427, p. 2895, § 1, effective September 1, 1985, 9 Vernon's Texas Session Law Service (1985) 2895, 2901, § 3d(b), carefully delineates procedural rights granted to a defendant who is charged with violating a condition of "probation" required by the court in a deferred adjudication proceeding, *viz:*

> "The defendant is entitled to a hearing limited to a determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from THIS determination.* After an adjudication of guilt, *all proceedings,* including *assessment of punishment,* pronouncement of sentence, granting of probation, *and defendant's appeal* continue *as if the adjudication of guilt had not been deferred."*

■ An accused has no right of appeal from an order deferring adjudication of guilt. *McDougal v. State,* 610 S.W.2d 509 (Tex.Cr.App.1981). Whether a defendant is entitled to appeal after adjudication of guilt, judgment and "sentencing" [as defined by Article 44.08, (c)] following determination by a trial court to proceed with an adjudication of guilt depends mainly on the setting and nature of any alleged error he would raise. Articles 42.12, § 3d(b), 37.07, § 3(a) and (d), and 44.02, V.A.C.C.P.[3]

For instance, settled is the proposition that one may not appeal from a determination to proceed with an adjudication of guilt under Article 42.12, § 3d(b) or from an

adjudication of guilt under Article 4476–15, § 4.12(b), V.A.C.S. *Williams v. State,* 592 S.W.2d 931, 932 (Tex.Cr.App.1979); *Wright v. State,* 592 S.W.2d 604, 606 (Tex.Cr.App. 1980); *McIntyre v. State,* supra, at 417–418. Conceptually alike, their common rationale was explicated in *McIntyre, viz:*

> "But the true objective of the conditional discharge [and deferred adjudication] is to divert the accused from the rest of the gauntlet run of the criminal justice system and the function of the trial court is to enter into a clearly understood pact with the accused that will induce and persuade him to follow the diversionary road.... Meanwhile, a judgment of guilt is not entered, punishment, as such, is not assessed and, of course, sentence is not imposed or suspended. In essence, what has happened is that the movement of the course of developments in a criminal action has been temporarily stilled and the accused has been permitted an opportunity to demonstrate his capacity for prescribed good behavior during a specified period. If he succeeds, the movement is reversed and disappears; however, should he fail, the movement in a criminal action continues with the normal incidents of trial."[4]

*Ibid.* Accord: *Williams v. State,* supra, n. 1 at 932; see also *Wright v. State,* supra. That rationale explains consequences of interplay between Article 42.12, § 3d, Article 37.07, § 3(a) and (d) and Article 44.02.

Procedures for assessing punishment are prescribed by Section 3 of Article 37.07. They are applicable only "after a finding of guilt." An order finding that evidence substantiates guilt and that "the best interest of society and the defendant will be served," deferring adjudication of guilt and

---

**3.** The convicting court rests its conclusion upon Article 26.13(a)(3), V.A.C.C.P., prescribing requisites of admonishment given by a trial court before accepting a plea of guilty or nolo contendere. But thus admonishing an accused cannot confer or limit any right of appeal otherwise provided by law. Right of appeal, with some restrictions, is granted by Article 44.02, supra, and related provisions in the Code of Criminal Procedure. See, e.g., *Galitz v. State,* 617 S.W.2d

949, 951 (Tex.Cr.App.1981) and *McIntyre v. State,* 587 S.W.2d 413, 416 (Tex.Cr.App.1979).

**4.** So understanding deferred adjudication, we found a determination to proceed to adjudicate guilt is "a matter of absolute discretion to be exercised by the trial court without review by this Court," and held that determination "is not reviewable by this Court on an appeal from the judgment and subsequent sentence."

providing conditions of "probation," does not assess punishment within the meaning of Article 37.07, § 3(a) and (d), for "there has been no conviction," *Ex parte Schillings*, 641 S.W.2d 538, 540 (Tex.Cr.App. 1982); "no sentence [sic] is assessed and imposition of sentence is not suspended," *McNew v. State*, 608 S.W.2d 166, 172, 176–178 (Tex.Cr.App.1978, 1980). Therefore, a condition of "probation" purporting to require that accused be incarcerated is unreasonable because it "stems from an offense for which there has been no conviction," *Ex parte Schillings*, supra, at 540.

 For the same reasons, that upon agreement of the parties an order finding that evidence substantiates guilt and that "the best interest of society and defendant will be served," deferring adjudication of guilt and providing conditions of "probation," does not assess punishment within the meaning of Article 37.07, § 3(a) and (d).

Furthermore, though availability of the option provided by § 3d(a) is limited to those accused who plead guilty or nolo contendere, "practical knowledge" is that it will "very often be utilized as part of a plea-bargain arrangement;" we also know that because deferring adjudication upon probationary conditions is entirely within the discretion of a trial court, absent a plea bargain an accused cannot be assured of receiving it, yet having received it, during its term still risks being sentenced "to the maximum term provided for the offense to which he pled guilty" should he violate any condition. *Reed v. State*, 644 S.W.2d 479, 483–484 (Tex.Cr.App.1983).

Article 44.02 contemplates an appeal after assessment of punishment and "sentencing." The proviso bars a defendant from prosecuting an appeal "who has been *convicted* [upon plea of guilty or nolo contendere before the court] and the court *assesses punishment* [that] does not exceed [what is] recommended by the prosecutor and agreed to by the defendant and his attorney"—except as provided. Since an order conforming with plea bargain for deferred adjudication is not an appealable order and does not assess punishment within meaning of Article 37.07, § 3(a) and (d), and within contemplation of Article 44.02, it follows that a defendant is not precluded from prosecuting an appeal after adjudication of guilt, judgment and sentencing merely because he initially bargained for deferred adjudication and was admonished according to Article 26.13(a)(3). There may still be hurdles in the way, such as a *second plea bargain* after adjudication of guilt with respect to punishment to be assessed, *Ex parte Howard*, 685 S.W.2d 672, n. 1, 673, n. 2 (Tex.Cr.App.1985), but we need not decide whether applicant in this cause has cleared them.

Though applicant asserts he is being denied his right of appeal and thus due process and due course of law, in his application for writ of habeas corpus applicant never indicates just what alleged error he would seek to raise on appeal. The burden of proving allegations entitling him to relief is upon applicant. *Ex parte Alexander*, 598 S.W.2d 308, 309 (Tex.Cr.App.1980). In the context of a deferred adjudication proceeding, since some alleged errors are appealable while others are not, that omission alone dooms our granting relief.

Relief is denied.

McCORMICK and WHITE, JJ., concur in result.