**Robert Ray YBARRA, Relator,**

**v.**

**Honorable A.D. AZIOS, Judge, Harris County, Texas, and Ray Hardy, District Clerk, Harris County, Texas, Respondents.**

**No. B14–88–00224–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 16, 1988.

Loren A. Detamore, Houston, for relator.

John B. Holmes, Jr. and Ted Doebbler, Houston, for respondents.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

OPINION

DRAUGHN, Justice.

In June of 1986, relator was placed on six years deferred adjudication for burglary of a habitation. In January of 1988, after a hearing on the state's motion to adjudicate, with no agreement as to punishment, the trial court entered an order adjudicating relator's guilt and sentencing him to ten-years confinement in the Texas Department of Corrections. The trial court rejected relator's oral notice of appeal, stating that the trial court's permission was necessary to appeal since the case had involved a plea bargain. On February 11, 1988, rela-

tor filed a written notice of appeal, and requested the trial court to direct the clerk to assemble the transcript and the court reporter to prepare a free statement of facts. Relator's notice stated he intended to challenge (1) the validity of his initial plea and the admonishments given when he was placed on deferred adjudication, and (2) the failure to supply him with the terms and conditions of probation following his initial plea. On February 16, 1988, Judge Azios signed an order ruling that relator could not appeal without the court's consent, which the court refused, and prohibiting the clerk of court from proceeding with preparation of the record. Relator asks this court to order Judge Azios to vacate his order prohibiting the preparation of the appellate record and to make a determination on the issue of relator's indigency. In accordance with the rationale of recent decisions by the Court of Criminal Appeals, we conditionally grant the writ of mandamus as to respondent Azios.

Since an order conforming with a plea bargain for deferred adjudication is not an appealable order, and does not assess punishment within the meaning of Tex.Code Crim.Proc.Ann. art. 37.07 § 3(a) and (d), or within the contemplation of art. 44.02, it follows that a defendant is not precluded from prosecuting an appeal after adjudication of guilt merely because he initially bargained for deferred adjudication. *Hernandez v. State*, 705 S.W.2d 700, 703 (Tex. Crim.App.1986).

Whether a defendant such as relator, who has not entered into a second plea bargain as to the punishment assessed, is entitled to appeal after adjudication of guilt depends mainly on the alleged error he would raise. *Hernandez* at 702. It is well settled that relator could not appeal the decision to proceed with the adjudication of guilt. *Wright v. State*, 592 S.W.2d 604, 606 (Tex.Crim.App.1980). But nothing in art. 42.12 prohibits appeal of matters unrelated to the determination of guilt after a deferred adjudication. *Homan v. Hughes*, 708 S.W.2d 449, 452 (Tex.Crim.App.1986).

The Court of Criminal Appeals, in *Homan* and *Hernandez*, has indicated the scope of such an appeal would be limited by the rule established in *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972). The *Helms* rule provides that where there is no plea bargain, and a plea of guilty is voluntarily and understandingly made, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived. Thus, following an adjudication of guilt, where there is no challenge to the validity of the initial plea, a defendant has the right to appeal at his own discretion, but may raise only jurisdictional errors. However, questions as to the validity of the initial plea, e.g., whether it was in fact voluntarily and understandingly made, are also appealable. *See Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim.App.1987).

While we do not address the merits of relator's claims, we find that he does not need the permission of the trial court to pursue these issues on appeal. Since the trial court did not have the authority to refuse relator "permission" to appeal, vacation of that order would be strictly ministerial in nature. *Homan*, 708 S.W.2d at 452. Further, relator has no other remedy at law since the actions of the trial court are preventing him from pursuing his right to appeal. 708 S.W.2d at 453.

Accordingly, we conditionally grant the writ of mandamus as to respondent Azios. We assume Judge Azios will vacate his order prohibiting the preparation of the appellate record, and make a determination as to whether relator is indigent. The writ of mandamus will issue only should he fail to do so.

Under the circumstances presented, this court has no mandamus jurisdiction over Ray Hardy and, as to him, the writ of mandamus is denied.

A motion to extend time to file the transcript and statement of facts has been filed with this court. Since the case has not yet been assigned to a particular court of appeals pursuant to Tex.Gov't Code Ann. § 22.202 (Vernon 1988), we decline to rule on the motion at this time.