# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-03-00253-CV

---

**Jim L. Walden, as Next Friend of Ashley G. Walden, a Minor, Appellant**

**v.**

**Rex G. Baker, III, Justice of the Peace, Precinct No. 4, Hays County, Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 7709-C, HONORABLE FRED J. MOORE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Jim L. Walden, as next friend of Ashley G. Walden, a minor, appeals the county court's denial of his petition for writ of mandamus. Walden challenges the jurisdiction of the justice court, arguing that once an order deferring disposition was revoked by a judgment of conviction, the justice court could not *sua sponte* set the judgment aside and reinstate the deferred disposition order. For the reasons explained below, we will affirm the denial of the petition.

## BACKGROUND

In November 2002, seventeen-year-old Dripping Springs High School senior Ashley Walden was charged with the class C misdemeanor offense of failing to attend school. *See* Tex. Educ. Code Ann. §§ 25.094, 25.0951 (West Supp. 2005) (if student fails to attend school without

excuse on ten or more days or parts of days within six-month period in same school year, school district shall file complaint in county, justice, or municipal court or refer student to juvenile court). On December 2, 2002, Ashley and her parents appeared before the justice of the peace, and Ashley entered a plea of *nolo contendere*. The court entered a deferred disposition order, deferring a finding of guilt and assessment of a $10,500 fine. However, certain conditions were imposed such as the performance of twenty hours' community service and submission to random drug testing. The disposition of her case was deferred until May 31, 2003. She did not appeal the order.

On January 8, 2003, Ashley failed a court-ordered drug test. On Friday, January 10, the court held a hearing and issued a "confinement order," ordering Ashley confined in the Hays county jail. Both parties agree that the court notified Ashley and her parents that it would reconsider the order after Ashley had been confined for forty-eight hours.[1] The order of confinement was not appealed.

On Monday, January 13, the court held another hearing. Walden states that at the hearing, the court set aside the January 10 order on its own motion, released Ashley from confinement, and "reinstated" the December 2 deferred disposition order. Appellee asserts in his brief that the "reinstatement" was effectuated at a hearing and "with the consent of [Ashley] and her parents." Neither the January 10 order nor the "reinstatement" of the December 2 order was appealed.

---

[1] Appellee states that the court "limited [Ashley's] confinement to non-school time so that she would not miss any classes."

However, on April 19, Ashley failed another drug test. She appeared in court again on April 22 and the court pronounced that it was amending the December 2 order to impose additional conditions. The amended order was memorialized in a written order signed May 5, 2003.[2]

Walden then filed a petition for writ of mandamus in county court, arguing that the January 10 order revoked the December 2 deferred disposition order and acted as a final sentence so that the justice court lacked jurisdiction to enter the May 5 order. After a hearing, the writ was denied. This appeal followed.

## DISCUSSION

In two issues, Walden argues that the county court should have granted the writ because the May 5 order was void and because the fine that was deferred in the December 2 order was impermissibly excessive.

This is an appeal from the denial of a writ of mandamus rather than an original proceeding seeking mandamus relief. *See* Tex. Gov't Code Ann. § 22.221(b) (West 2004); *see also Casner v. Rosas*, 943 S.W.2d 937, 938 (Tex. App.—El Paso 1997, orig. proceeding) (court of appeals lacks jurisdiction to issue mandamus against justice of peace); *Easton v. Franks*, 842 S.W.2d 772, 773 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (same). This case is subject to appeal on substantive law issues and the rules of procedure just as any other civil suit. *See Anderson*

---

[2] The justice court imposed a curfew of 6 p.m. every night except graduation night and allowed her to attend her graduation ceremony, but prohibited her from attending her senior prom or certain other senior graduation celebrations. The court did not change the May 31 date of disposition originally set in the December 2 deferral order.

*v. City of Seven Points*, 806 S.W.2d 791, 792 (Tex. 1991). We will review the county court's decision for an abuse of discretion. *See In re University Interscholastic League*, 20 S.W.3d 690, 691-692 (Tex. 2000); *In re Missouri Pacific R.R. Co.*, 998 S.W.2d 212, 215 (Tex. 1999). To determine if there is an abuse of discretion, we review the entire record. *See In re University Interscholastic League*, 20 S.W.3d at 691-692 (citing *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987)). The party challenging the trial court's decision must establish that the facts and law permit the trial court to make but one decision. *See In re University Interscholastic League*, 20 S.W.3d at 691-692 (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)).

**Failure to attend school**

An individual commits the class C misdemeanor offense of failure to attend school if the individual: (1) is required to attend school under section 25.085 of the education code; and (2) fails to attend school on ten or more days or parts of days within a six-month period in the same school year or on three or more days or parts of days within a four-week period. Tex. Educ. Code Ann. § 25.094(a). In proceedings based on complaints under section 25.094 of the education code, the court is generally required to use the procedures and exercise the powers authorized by chapter 45 of the code of criminal procedure. *See id*.; *see also id*. § 25.0952 (West Supp. 2005) (procedures applicable to school attendance-related offenses); Tex. Code Crim. Proc. Ann. arts. 45.001-.203 (West Supp. 2005) (justice and municipal courts). On a finding by a justice court that an individual has committed the offense of failure to attend school, the court may enter an order that includes one

4

or more of the requirements in article 45.054 of the code of criminal procedure. *See* Tex. Educ. Code Ann. § 25.094(c); Tex. Code Crim Proc. Ann. art. 45.054 (failure to attend school proceedings). The court has jurisdiction to enter a dispositional order that is effective up to "the 180th day after the date of the order or beyond the end of the school year in which the order was entered, whichever period is longer." Tex. Code Crim. Proc. Ann. art. 45.054(g). Additionally,

> On a plea of guilty or nolo contendere by a defendant or on a finding of guilt in a misdemeanor case punishable by fine only and payment of all court costs, the judge may, at the judge's discretion, defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period not to exceed 180 days.

*Id*. art. 45.051. The court is further authorized, at its discretion and during the deferral period, to impose certain conditions on the defendant. *Id*. art. 45.051(b).

Generally, the "true objective" of deferred adjudication "is to divert the accused from the gauntlet run of the criminal justice system" and to allow the judge to "enter into a clearly understood pact with the accused that will induce and persuade him to follow the diversionary road." *Taylor v. State*, 131 S.W.3d 497, 499-500 (Tex. Crim. App. 2004) (quoting *Ex parte Hernandez*, 705 S.W.2d 700, 702 (Tex. Crim. App. 1986)). During that time, there is no finding of guilt and no final conviction. *Taylor*, 131 S.W.3d at 500. Instead, the judge has deferred the adjudication. *Id*. The case is "temporarily stilled and the accused . . . [is] permitted an opportunity to demonstrate his capacity for prescribed good behavior during a specified period." *Id*. (quoting *Hernandez*, 705 S.W.2d at 702). If the defendant succeeds, the case, for most purposes, "disappears." *Taylor*, 131 S.W.3d at 500. If he fails, the case continues on as if it had never been interrupted. *Id*.

We will first consider whether the May 5 order amending the December 2 deferred disposition order was effective to continue the deferral of her sentence and fine or whether the January 10 order constituted a final sentence.

**Whether the May 5 order is void**

Walden argues that the January 10 "confinement order" revoked the December 2 deferred disposition order and was an entry of final judgment and sentence. Furthermore, he asserts, the court had no authority to set aside the January 10 order *sua sponte*. Thus, according to Walden, the January 10 order was effective and the May 5 order, which was issued after the court's plenary jurisdiction expired, was void. *See* Tex. Code Crim. Proc. Ann. arts. 45.037 (motion for new trial must be made within one day after rendition of judgment and sentence), 45.038 (West Supp. 2004-05) (not later than tenth day after date judgment entered, judge may, for good cause shown, grant defendant new trial whenever judge considers that justice has not been done defendant in trial of case).

Walden never appealed any of the orders to county court. *See id*. art. 45.042(b) (West Supp. 2005) (appeal from justice court shall be heard by county court; trial is *de novo* unless appeal is taken from municipal court of record and appeal is based on error reflected in record). However, because Walden has sufficiently pleaded that the May 5 order is void, he is entitled to seek mandamus relief without a showing that he did not have an adequate remedy on appeal. *See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (because order was void, relator need not show it did not have adequate appellate remedy and mandamus relief is appropriate) (*citing In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998)); *but see Grimm v. Garner*, 589 S.W.2d 955, 957

6

(Tex. 1979) (right to *de novo* appeal is adequate remedy). An order signed after the court's plenary jurisdiction has expired is void. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

First, we note that the record does not include transcripts from any hearing other than the mandamus hearing before the county court. Thus, we must interpret the orders as they appear in the record.[3]

Walden urges us to hold that the January 10 confinement order was a final judgment of conviction in this case and that the order's lack of an explicit final determination of guilt would elevate form over its substance. We disagree. The January 10 order does not reference a violation of any statute or find Ashley guilty of the failure to attend school or any other offense. *See* Tex. Educ. Code Ann. § 25.094. Instead, it recites that on December 2, the court entered an order whereby Ashley agreed to comply with specific terms of deferred adjudication and that Ashley failed to satisfy the requirements of her agreement. Although this language imposes conditions in addition to those included in the original deferral order, the order as a whole does not act as a final sentence. Under the facts in this case and the record presented on appeal, we hold that the January 10 order did not act as a final sentence that revoked Ashley's deferred disposition as a matter of law.[4] Accordingly, the May 5 order was not void. We overrule Walden's first issue.

---

[3] In criminal cases, where there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The parties agree that on January 10, the court pronounced that Ashley would be confined for forty-eight hours and that it would reconsider its decision at that time. It appears that the order is in conflict with that pronouncement.

[4] The issue of whether a justice court has the authority to confine an individual for the failure to attend school or violation of a deferred disposition order was not appealed and is not before us.

Next, because the deferred disposition order has not been revoked, Ashley has not yet been subjected to payment of a fine. In future proceedings, the justice court may dismiss the complaint without a final conviction and without requiring Ashley to pay the $10,500 fine. *See* Tex. Code Crim. Proc. Ann. art. 45.051(c). Therefore, we do not reach his second issue.[5]

## CONCLUSION

The January 10 order did not act as a final sentence in this case. Therefore, the May 5 order was entered by the justice court within its jurisdiction. Because the disposition of Ashley's case was deferred and no fine was actually imposed, we do not reach the question of whether the fine would be illegal. The county court did not abuse its discretion by denying the petition for writ of mandamus. We affirm the denial of the petition.

_____

W. Kenneth Law, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: December 15, 2005

---

[5] We note that the record only includes one complaint alleging one violation for failing to attend school ten or more days or parts of days within a six-month period. *See* Tex. Educ. Code Ann. § 25.094.

8