TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00253-CV






Jim L. Walden, as Next Friend of Ashley G. Walden, a Minor, Appellant


v.


Rex G. Baker, III, Justice of the Peace, Precinct No. 4, Hays County, Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY

NO. 7709-C, HONORABLE FRED J. MOORE, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant Jim L. Walden, as next friend of Ashley G. Walden, a minor, appeals the
county court's denial of his petition for writ of mandamus. Walden challenges the jurisdiction of
the justice court, arguing that once an order deferring disposition was revoked by a judgment of
conviction, the justice court could not sua sponte set the judgment aside and reinstate the deferred
disposition order. For the reasons explained below, we will affirm the denial of the petition.


BACKGROUND


 In November 2002, seventeen-year-old Dripping Springs High School senior Ashley
Walden was charged with the class C misdemeanor offense of failing to attend school. See Tex.
Educ. Code Ann. §§ 25.094, 25.0951 (West Supp. 2005) (if student fails to attend school without
excuse on ten or more days or parts of days within six-month period in same school year, school
district shall file complaint in county, justice, or municipal court or refer student to juvenile court). 
On December 2, 2002, Ashley and her parents appeared before the justice of the peace, and Ashley
entered a plea of nolo contendere. The court entered a deferred disposition order, deferring a finding
of guilt and assessment of a $10,500 fine. However, certain conditions were imposed such as the
performance of twenty hours' community service and submission to random drug testing. The
disposition of her case was deferred until May 31, 2003. She did not appeal the order.

 On January 8, 2003, Ashley failed a court-ordered drug test. On Friday, January 10,
the court held a hearing and issued a "confinement order," ordering Ashley confined in the Hays
county jail. Both parties agree that the court notified Ashley and her parents that it would reconsider
the order after Ashley had been confined for forty-eight hours. (1) The order of confinement was not
appealed.

 On Monday, January 13, the court held another hearing. Walden states that at the
hearing, the court set aside the January 10 order on its own motion, released Ashley from
confinement, and "reinstated" the December 2 deferred disposition order. Appellee asserts in his
brief that the "reinstatement" was effectuated at a hearing and "with the consent of [Ashley] and her
parents." Neither the January 10 order nor the "reinstatement" of the December 2 order was
appealed.

 However, on April 19, Ashley failed another drug test. She appeared in court again
on April 22 and the court pronounced that it was amending the December 2 order to impose
additional conditions. The amended order was memorialized in a written order signed May 5, 2003. (2) 

 Walden then filed a petition for writ of mandamus in county court, arguing that the
January 10 order revoked the December 2 deferred disposition order and acted as a final sentence
so that the justice court lacked jurisdiction to enter the May 5 order. After a hearing, the writ was
denied. This appeal followed.


DISCUSSION


 In two issues, Walden argues that the county court should have granted the writ
because the May 5 order was void and because the fine that was deferred in the December 2 order
was impermissibly excessive.

 This is an appeal from the denial of a writ of mandamus rather than an original
proceeding seeking mandamus relief. See Tex. Gov't Code Ann. § 22.221(b) (West 2004); see also
Casner v. Rosas, 943 S.W.2d 937, 938 (Tex. App.--El Paso 1997, orig. proceeding) (court of
appeals lacks jurisdiction to issue mandamus against justice of peace); Easton v. Franks, 842 S.W.2d
772, 773 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding) (same). This case is subject to
appeal on substantive law issues and the rules of procedure just as any other civil suit. See Anderson
v. City of Seven Points, 806 S.W.2d 791, 792 (Tex. 1991). We will review the county court's
decision for an abuse of discretion. See In re University Interscholastic League, 20 S.W.3d 690,
691-692 (Tex. 2000); In re Missouri Pacific R.R. Co., 998 S.W.2d 212, 215 (Tex. 1999). To
determine if there is an abuse of discretion, we review the entire record. See In re University
Interscholastic League, 20 S.W.3d at 691-692 (citing Simon v. York Crane & Rigging Co., Inc., 739
S.W.2d 793, 795 (Tex. 1987)). The party challenging the trial court's decision must establish that
the facts and law permit the trial court to make but one decision. See In re University Interscholastic
League, 20 S.W.3d at 691-692 (citing Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917
(Tex. 1985)).


Failure to attend school

 An individual commits the class C misdemeanor offense of failure to attend school
if the individual: (1) is required to attend school under section 25.085 of the education code; and (2)
fails to attend school on ten or more days or parts of days within a six-month period in the same
school year or on three or more days or parts of days within a four-week period. Tex. Educ. Code
Ann. § 25.094(a). In proceedings based on complaints under section 25.094 of the education code,
the court is generally required to use the procedures and exercise the powers authorized by chapter
45 of the code of criminal procedure. See id.; see also id. § 25.0952 (West Supp. 2005) (procedures
applicable to school attendance-related offenses); Tex. Code Crim. Proc. Ann. arts. 45.001-.203
(West Supp. 2005) (justice and municipal courts). On a finding by a justice court that an individual
has committed the offense of failure to attend school, the court may enter an order that includes one
or more of the requirements in article 45.054 of the code of criminal procedure. See Tex. Educ.
Code Ann. § 25.094(c); Tex. Code Crim Proc. Ann. art. 45.054 (failure to attend school
proceedings). The court has jurisdiction to enter a dispositional order that is effective up to "the
180th day after the date of the order or beyond the end of the school year in which the order was
entered, whichever period is longer." Tex. Code Crim. Proc. Ann. art. 45.054(g). Additionally, 


On a plea of guilty or nolo contendere by a defendant or on a finding of guilt in a
misdemeanor case punishable by fine only and payment of all court costs, the judge
may, at the judge's discretion, defer further proceedings without entering an
adjudication of guilt and place the defendant on probation for a period not to exceed
180 days.



Id. art. 45.051. The court is further authorized, at its discretion and during the deferral period, to
impose certain conditions on the defendant. Id. art. 45.051(b).

 Generally, the "true objective" of deferred adjudication "is to divert the accused from
the gauntlet run of the criminal justice system" and to allow the judge to "enter into a clearly
understood pact with the accused that will induce and persuade him to follow the diversionary road."
Taylor v. State, 131 S.W.3d 497, 499-500 (Tex. Crim. App. 2004) (quoting Ex parte Hernandez, 705
S.W.2d 700, 702 (Tex. Crim. App. 1986)). During that time, there is no finding of guilt and no final
conviction. Taylor, 131 S.W.3d at 500. Instead, the judge has deferred the adjudication. Id. The
case is "temporarily stilled and the accused . . . [is] permitted an opportunity to demonstrate his
capacity for prescribed good behavior during a specified period." Id. (quoting Hernandez, 705
S.W.2d at 702). If the defendant succeeds, the case, for most purposes, "disappears." Taylor, 131
S.W.3d at 500. If he fails, the case continues on as if it had never been interrupted. Id.

 We will first consider whether the May 5 order amending the December 2 deferred
disposition order was effective to continue the deferral of her sentence and fine or whether the
January 10 order constituted a final sentence.


Whether the May 5 order is void

 Walden argues that the January 10 "confinement order" revoked the December 2
deferred disposition order and was an entry of final judgment and sentence. Furthermore, he asserts,
the court had no authority to set aside the January 10 order sua sponte. Thus, according to Walden,
the January 10 order was effective and the May 5 order, which was issued after the court's plenary
jurisdiction expired, was void. See Tex. Code Crim. Proc. Ann. arts. 45.037 (motion for new trial
must be made within one day after rendition of judgment and sentence), 45.038 (West Supp. 2004-05) (not later than tenth day after date judgment entered, judge may, for good cause shown, grant
defendant new trial whenever judge considers that justice has not been done defendant in trial of
case).

 Walden never appealed any of the orders to county court. See id. art. 45.042(b) (West
Supp. 2005) (appeal from justice court shall be heard by county court; trial is de novo unless appeal
is taken from municipal court of record and appeal is based on error reflected in record). However,
because Walden has sufficiently pleaded that the May 5 order is void, he is entitled to seek
mandamus relief without a showing that he did not have an adequate remedy on appeal. See In re
Southwestern Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (because order was void, relator need
not show it did not have adequate appellate remedy and mandamus relief is appropriate) (citing In
re Dickason, 987 S.W.2d 570, 571 (Tex. 1998)); but see Grimm v. Garner, 589 S.W.2d 955, 957
(Tex. 1979) (right to de novo appeal is adequate remedy). An order signed after the court's plenary
jurisdiction has expired is void. State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995).

 First, we note that the record does not include transcripts from any hearing other than
the mandamus hearing before the county court. Thus, we must interpret the orders as they appear
in the record. (3)

 Walden urges us to hold that the January 10 confinement order was a final judgment
of conviction in this case and that the order's lack of an explicit final determination of guilt would
elevate form over its substance. We disagree. The January 10 order does not reference a violation
of any statute or find Ashley guilty of the failure to attend school or any other offense. See Tex.
Educ. Code Ann. § 25.094. Instead, it recites that on December 2, the court entered an order
whereby Ashley agreed to comply with specific terms of deferred adjudication and that Ashley failed
to satisfy the requirements of her agreement. Although this language imposes conditions in addition
to those included in the original deferral order, the order as a whole does not act as a final sentence. 
Under the facts in this case and the record presented on appeal, we hold that the January 10 order did
not act as a final sentence that revoked Ashley's deferred disposition as a matter of law. (4) 
Accordingly, the May 5 order was not void. We overrule Walden's first issue.

 Next, because the deferred disposition order has not been revoked, Ashley has not yet
been subjected to payment of a fine. In future proceedings, the justice court may dismiss the
complaint without a final conviction and without requiring Ashley to pay the $10,500 fine. See Tex.
Code Crim. Proc. Ann. art. 45.051(c). Therefore, we do not reach his second issue. (5)


CONCLUSION


 The January 10 order did not act as a final sentence in this case. Therefore, the May
5 order was entered by the justice court within its jurisdiction. Because the disposition of Ashley's
case was deferred and no fine was actually imposed, we do not reach the question of whether the fine
would be illegal. The county court did not abuse its discretion by denying the petition for writ of
mandamus. We affirm the denial of the petition. 



 __________________________________________

 W. Kenneth Law, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: December 15, 2005

1. Appellee states that the court "limited [Ashley's] confinement to non-school time so that
she would not miss any classes."
2. The justice court imposed a curfew of 6 p.m. every night except graduation night and
allowed her to attend her graduation ceremony, but prohibited her from attending her senior prom
or certain other senior graduation celebrations. The court did not change the May 31 date of
disposition originally set in the December 2 deferral order.
3. In criminal cases, where there is a conflict between the oral pronouncement of sentence and
the sentence in the written judgment, the oral pronouncement controls. Taylor v. State, 131 S.W.3d
497, 500 (Tex. Crim. App. 2004). The parties agree that on January 10, the court pronounced that
Ashley would be confined for forty-eight hours and that it would reconsider its decision at that time. 
It appears that the order is in conflict with that pronouncement.
4. The issue of whether a justice court has the authority to confine an individual for the failure
to attend school or violation of a deferred disposition order was not appealed and is not before us. 
5. We note that the record only includes one complaint alleging one violation for failing to
attend school ten or more days or parts of days within a six-month period. See Tex. Educ. Code
Ann. § 25.094.