IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1610-04
 





RONALD THACKER HARGESHEIMER, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


POTTER COUNTY





 

 Meyers, J., delivered the opinion of a unanimous Court. Johnson, J.,
filed a concurring opinion.

 


 In 1999, Appellant Ronald Thacker Hargesheimer was charged with indecency
with a child. In exchange for his guilty plea, the trial court deferred adjudication of his
guilt, and he received ten years of community supervision. In 2003, the State filed a
motion to proceed with adjudication of guilt, claiming nine violations of his community
supervision. At the hearing on the motion to adjudicate, Appellant pled true to each of
the nine allegations, including failure to pay court costs, publication fees, sex-offender
fees, probation fees, and costs associated with sex-offender treatment; failure to obtain a
GED; failure to report; having contact with his minor daughter; and frequenting adult
bookstores. Appellant was represented by appointed counsel at the hearing, but neither
his attorney nor the State's counsel made a recommendation as to punishment. During
the proceeding, the trial court revoked Appellant's probation, convicted him of the
original charge, and sentenced him to 16 years in prison. The trial court certified that
Appellant had waived his right to appeal. Appellant filed a pro se general notice of
appeal of the trial court's revocation proceeding.

Court of Appeals

 The Seventh Court of Appeals rejected the contention that Appellant had waived
his right to appeal, concluding that the waiver was invalid as a matter of law. 
Hargesheimer v. State, 126 S.W.3d 658, 659 (Tex. App. - Amarillo 2004, pet. denied). It
denied the State's motion to dismiss and directed the lower court to re-certify whether
Appellant had a right to appeal. Id. The trial court then issued its "Findings of Facts and
Conclusions of Law" in which it certified that "no appeal exists by reason of a plea
bargain." In its subsequent opinion, the court of appeals agreed that the appeal was
subject to the restrictions of Texas Rule of Appellate Procedure 25.2(a)(2) (1) because
Appellant had received deferred adjudication community supervision pursuant to a plea
bargain and his punishment upon conviction did not exceed the range allowed by law.
Hargesheimer v. State, 140 S.W.3d 443, 444 (Tex. App. - Amarillo 2004, pet. granted). 
Notwithstanding his expressed intent to present for review complaints unrelated to his
conviction, the court of appeals concluded that Appellant had no right to appeal because
he had failed to secure the trial court's permission in accordance with the requirements of
Rule 25.2(a)(2)(B). Id. at 445. The court also explained that Appellant could no longer
appeal from an adverse ruling upon a written pretrial motion under Rule 25.2(a)(2)(A)
because he had failed to appeal immediately after the trial court deferred adjudication of
his guilt and placed him on community supervision. Id. The court of appeals affirmed
the trial court's finding and dismissed the appeal pursuant to Rule 25.2(d), which requires
dismissal if the record does not contain a certification evidencing the defendant's right of
appeal. We will reverse.

Issue Granted

 We granted Appellant's petition for discretionary review to determine whether the
court of appeals erred in dismissing the appeal pursuant to Rule 25.2. We will clarify the
relationship between Rule 25.2(a)(2) and Article 42.12 § 5(b) of the Texas Code of
Criminal Procedure (2) and resolve when a defendant in a plea-bargain case on deferred
adjudication community supervision has the right to appeal after a violation of the
conditions of his community supervision and the adjudication of guilt.

 Appellant argues that Article 42.12 § 5(b) and cases such as Vidaurri v. State, 49
S.W.3d 880 (Tex. Crim. App. 2001), and Kirtley v. State, 56 S.W.3d 48 (Tex. Crim. App.
2001), guarantee him the right to appeal, from the revocation proceeding, issues unrelated
to his conviction. He cites language from Article 42.12 § 5(b) to support his position:

 The defendant is entitled to a hearing limited to the determination by the
court of whether it proceeds with an adjudication of guilt on the original
charge. No appeal may be taken from this determination. After an
adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision, and
defendant's appeal continue as if the adjudication of guilt had not been
deferred. (emphasis added)

 In contrast, the State submits that even if Appellant's appeal is separate from his
conviction and claimed under the provisions of Article 42.12 § 5(b), he must still satisfy
the additional special notice requirements of Rule 25.2(a)(2). Rule 25.2(a)(2) allows a
defendant in a plea-bargain case to appeal only "those matters that were raised by written
motion filed and ruled on before trial, or after getting the trial court's permission to
appeal." We will explain the relationship between Rule 25.2(a)(2), which restricts a
defendant's right to appeal from a plea-bargain case, and Article 42.12 § 5(b), which
allows a plea-bargain defendant on deferred adjudication community supervision to
appeal after a violation of community supervision and adjudication of guilt.

Evolution of the Caselaw

 It is well settled that a defendant on deferred adjudication community supervision
may not appeal from the trial court's determination to proceed with an adjudication of
guilt on the original charge. This result is clear from the language of Article 42.12 § 5(b),
which expressly provides that "no appeal may be taken from this determination." This
Court has consistently upheld the plain meaning of the statute, going so far as to say that
"the trial court's decision to proceed with an adjudication of guilt, is one of absolute
discretion and not reviewable by this Court." Williams v. State, 592 S.W.2d 931, 932
(Tex. Crim. App. 1979); see also Olowosuko v. State, 826 S.W.2d 940 (Tex. Crim. App.
1992); Ex Parte Hernandez, 705 S.W.2d 700 (Tex. Crim. App. 1986); Wright v. State,
592 S.W.2d 604 (Tex. Crim. App. 1980); McIntyre v. State, 587 S.W.2d 413 (Tex. Crim.
App. 1979).

 Although a defendant on deferred adjudication community supervision may not
appeal the court's determination to adjudicate guilt, he may challenge the court's decision
to defer adjudication in the first place. In Dillehey v. State, we held that a defendant had
the right to appeal from deferred adjudication community supervision under Article
44.02. 815 S.W.2d 623, 626 (Tex. Crim. App. 1991). We concluded that the passage of
Article 44.01(j), stipulating that "nothing in this article is to interfere with the defendant's
right to appeal under the procedures of Article 44.02," evidenced the legislature's
intention to give defendants on deferred adjudication community supervision the same
appeal rights as defendants on "regular" community supervision, even though they had
not been adjudicated guilty. Id. In the case of Dillehey, this meant that defendants on
deferred adjudication community supervision could immediately appeal rulings on pre-trial motions. Id. (3)

 In Watson v. State, we held that deferred adjudication orders were not only
appealable, but "by implication," restricted by the requirements of former Rule 40(b)(1),
now Rule 25.2(a)(2). 924 S.W.2d 711, 714 (Tex. Crim. App. 1996). We established that
an order of deferred adjudication was considered punishment in plea bargain cases and
that a defendant's initial plea of guilty in exchange for deferred adjudication triggered the
application of former Rule 40(b)(1)'s limitations to his appeal. See Vidaurri, 49 S.W.3d
at 882. We also explained that "when a prosecutor recommends deferred adjudication in
exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not
exceed that recommendation if, upon proceeding to an adjudication of guilt, he later
assesses any punishment within the range allowed by law." Id. With this holding, we
applied the restrictions of former Rule 40(b)(1) to situations of deferred adjudication even
where there was no explicit arrangement for a certain term of years of punishment in
exchange for a particular plea. We reasoned that, because the prosecutor had made no
recommendation regarding the term of years to be assessed in the event of a violation of
community supervision, the defendant necessarily accepted that his sentence could reach
the maximum authorized by law. In effect, Watson treated a plea bargain for deferred
adjudication the same as a plea bargain for the purposes of punishment and subjected a
defendant whose deferred adjudication had been the result of a plea bargain to the
restrictions of former Rule 40(b)(1).

 In Vidaurri, we departed from Watson's expansive holding that "when a defendant
pleads guilty or nolo contendere and is sentenced in accordance with a plea-bargain
agreement, appeal from his subsequent adjudication of guilt is subject to the restrictions
of former Rule 40(b)(1)." 49 S.W.3d at 884. Vidaurri involved an appellant whose claim
on appeal-that he was denied a separate punishment hearing at the proceeding where the
court revoked his probation and convicted him-did not challenge his conviction. We held
that former Rule 25.2(b)(3), now Rule 25.2(a)(2), did not limit the appellant's right to
appeal even though he was a plea-bargain defendant on deferred adjudication community
supervision whose punishment did not surpass the range allowed by law. Id. at 885.

 In making this determination, we relied on a probation case not involving deferred
adjudication, in which we held that an appeal unrelated to the propriety of conviction was
not subject to the restrictions of former Rule 40(b)(1). Feagin v. State, 967 S.W.2d 417,
419 (Tex. Crim. App. 1998) (citing Whetstone v. State, 786 S.W.2d 361, 363 (Tex. Crim.
App. 1990)). In addition, we cited Manuel v. State, in which we extended to the context
of deferred adjudication the longstanding rule allowing defendants on "regular"
community supervision to raise appeals relating to conviction only when community
supervision was originally imposed. 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (citing
Whetstone, 786 S.W.2d at 363; Traylor v. State, 561 S.W.2d 492, 494 (Tex. Crim. App.
1978); Patterson v. State, 487 S.W.2d 736, 737 (Tex. Crim. App. 1972); Pitts v. State,
442 S.W.2d 389, 390 (Tex. Crim. App. 1969); Gossett v. State, 282 S.W.2d 59, 62 (Tex.
Crim. App. 1955)). With Vidaurri, we disavowed Watson to the extent it conflicted with
subsequent cases like Feagin and Manuel, and endorsed the proposition that the
restrictions of former Rule 40(b)(1) did not apply to appeals unrelated to a defendant's
conviction in cases of deferred adjudication community supervision.

 In decisions following Vidaurri, we have affirmed that the limitations of Rule
25.2(a)(2) do not apply to appeals separate from a defendant's conviction. In Kirtley, we
determined that a claim of ineffective assistance of counsel at the punishment hearing
after adjudication of guilt was independent of the conviction. 56 S.W.3d at 51. We
explained that "although an appellant cannot appeal the trial court's decision to adjudicate
guilt, an appellant sentenced under a guilty plea agreement can appeal aspects of the
'second phase to determine punishment.'" Id. Similarly, in Woods v. State, we reiterated
that former Rule 25.2(b)(3)'s notice provisions applied to a defendant placed on deferred
adjudication community supervision pursuant to a plea bargain, stating: "Rule 25.2(b)(3)
controls an appeal, made either before or after adjudication of guilt, by a defendant placed
on deferred adjudication who challenges an issue relating to his conviction." 68 S.W.3d
667, 669 (Tex. Crim. App. 2002) (citing Tex. R. App. P. 25.2(b)(3); Tex. Code Crim.
Proc. art. 44.01(j); Vidaurri, 49 S.W.3d at 884-85; Kirk v. State, 942 S.W.2d 624, 625
(Tex. Crim. App. 1997); Watson, 924 S.W.2d at 713-15)). In Woods, we concluded that
since the appellant's sentence fell within the punishment range for the offense to which
he had pleaded guilty in exchange for deferred adjudication, the trial court had followed
the plea bargain, and he was required to comply with the notice provisions of former Rule
25.2(b)(3) in order to appeal an issue related to his conviction. Id. at 670.

 The caselaw has evolved from cases like McDougal and Hernandez, in which we
stated that deferred adjudication was not punishment and there could be no appeal until
adjudication of guilt, to Dillehey and Watson, in which we deemed that deferred
adjudication orders were not only punishment but appealable and subject to the
constraints of former Rule 40(b)(1). Finally, in Feagin, Manuel, and the Vidaurri line of
cases, we carved out an exception to the application of Rule 25.2(a)(2)'s limitations on
appeal for plea-bargain defendants on deferred adjudication community supervision
whose claims after adjudication of guilt were "unrelated to conviction."

Analysis

 The progression of the caselaw, in combination with the introduction of the
certification process, has created confusion among the lower courts about the applicability
of Rule 25.2(a)(2) to plea-bargain deferred adjudication cases that have moved to final
adjudication. In such cases, rather than continue down the road of applying the
restrictions of Rule 25.2(a)(2) to appeals that are related to conviction and maintaining an
exception for claims that are unrelated to conviction, we hold that Rule 25.2(a)(2) extends
only to appeals from the initial plea of guilty in exchange for deferred adjudication, and
not to appeals from the proceeding on the motion to adjudicate guilt. (4) We believe that
keeping the final adjudication of guilt distinct from the plea bargain better represents the
actual substance of the plea bargain and reduces the potential for confusion in the
certification process.

 Effective January 2003, Rule 25.2(a)(2) requires the trial judge to certify a
defendant's right of appeal by selecting the appropriate box on the certification form
contained in the appendix to the Texas Rules of Appellate Procedure. The choices on the
form include the following: not a plea-bargain case and the defendant has the right of
appeal; a plea-bargain case in which the defendant has the right of appeal because he
satisfied the requirements of Rule 25.2(a)(2)(A) or (a)(2)(B); a plea-bargain case in which
the defendant has no right of appeal; or a case in which the defendant waived his right of
appeal. In Carroll v. State, the court of appeals explained that the certification form
could be modified to allow a plea-bargain defendant on deferred adjudication community
supervision to challenge an issue separate from conviction. 119 S.W.3d 838, 841 (Tex.
App.-San Antonio 2003, no pet.) (holding that the trial court could modify the form in the
event that "a defendant has a limited right to appeal to which Rule 25.2 does not apply.").
Since then, some courts of appeals have followed the holding in Carroll to allow plea-bargain defendants on deferred adjudication to pursue a conditional right of appeal after
final adjudication of guilt pursuant to Rule 25.2(a)(2). (5)

 In the instant case, Appellant would have to file a brief on the merits to explain the
grounds on which he seeks review in order for the trial court to determine whether his
claims are unrelated to his conviction and thus immune from the restrictions of Rule
25.2(a)(2). This result would lead to a complex and lengthy certification process because
trial courts would have to obtain briefs in every plea-bargain deferred adjudication case
that moved to final adjudication in which the defendant claimed to have an appeal
unrelated to conviction. The purpose of the certification requirement is to efficiently sort
appealable cases from non-appealable cases so that appealable cases can "move through
the system unhindered while eliminating, at an early stage, the time and expense
associated with non-appealable cases." Greenwell v. Court of Appeals for the Thirteenth
Judicial District, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005). Rather than complicating
the certification process by maintaining an exception to Rule 25.2(a)(2) for certain
appeals from plea-bargain deferred adjudication community supervision cases that have
been finally adjudicated, we believe that the better course is to treat the final adjudication
hearing as distinct from the underlying plea bargain to the original charge. In holding that
a defendant's underlying plea bargain for deferred adjudication community supervision
will no longer trigger the application of Rule 25.2(a)(2)'s restrictions to his appeal of the
revocation proceeding, we overrule Watson and eliminate the need for the Vidaurri
exception. Now once a defendant who enters into a plea bargain for deferred adjudication
community supervision decides not to appeal the order deferring adjudication, the
restrictions of Rule 25.2(a)(2) are no longer applicable. After adjudication of guilt, the
defendant's appeal will be restricted only by Article 42.12 § 5(b), which prevents him
from appealing the trial court's decision to adjudicate guilt in the first place.

 The State argues that Dears v. State, 154 S.W.3d 610 (Tex. Crim. App. 2005),
requires an affirmance of the judgment of the lower court because the trial judge's
certification of the case as non-appealable was not defective. In Dears, we clarified that a
defective certification included one that was correct in form but contrary to the record. 
Id. at 614. In that case, we determined that the court of appeals should have obtained a
new certification from the trial court because the trial court had inaccurately characterized
the cases as plea bargains. We explained that Rule 25.2(a)(2)'s limitations on appeal
applied only to plea bargains with regard to guilty pleas and not to pleas of true on
revocation motions. Id. at 613. In the instant case, the State posits that the trial court's
certification was not defective because it was supported by the record before the court of
appeals. We disagree. Although the trial court did not discover any issue that would be
cognizable on appeal, it based its conclusion on the fact that this was a plea-bargain case
and "the Court heard the punishment evidence Defendant wished to advance, and the
punishment assessed was within the applicable statutory range." Based on our holding
here, the trial judge's designation of the case as a plea bargain was incorrect because the
plea bargain related to the exchange of a guilty plea for deferred adjudication, and not to
the subsequent adjudication hearing. There was no second plea bargain with regard to
punishment, and even if there had been, Rule 25.2(a)(2) would not apply to restrict appeal
because of our holding in Dears. See also Gutierrez v. State, 108 S.W.3d 304, 309-10
(Tex. Crim. App. 2003) ("In the context of revocation proceedings, the legislature has not
authorized binding plea agreements, has not required the court to inquire into the
existence of a plea agreement or admonish the defendant pursuant to [Article] 26.13, and
has not provided for withdrawal of a plea after sentencing.")Conclusion

 In sum, in a plea-bargain case for deferred adjudication community supervision,
the plea bargain is complete at the time the defendant enters his plea of guilty in exchange
for deferred adjudication community supervision. Rule 25.2(a)(2) will restrict appeal
only when the defendant appeals his placement on deferred adjudication community
supervision pursuant to the original plea. Under this circumstance, the trial judge
certifying the defendant's right of appeal may designate the case on the certification form
as "a plea-bargain case, and the defendant has NO right of appeal." It is important to
note, however, that if the defendant filed written motions that were ruled on before his
placement on deferred adjudication community supervision pursuant to Rule
25.2(a)(2)(A), or obtained the permission of the trial court for the appeal of his placement
on deferred adjudication community supervision pursuant to Rule 25.2(a)(2)(B), he still
has the right of appeal. On the other hand, when the defendant appeals from the
proceeding on the motion to adjudicate guilt, Rule 25.2(a)(2) will not restrict appeal, but
Article 42.12 § 5(b) will continue to prohibit the appeal of the trial court's decision to
adjudicate guilt. Under this circumstance, the trial judge must check the box on the
certification form indicating that the case "is not a plea-bargain case, and the defendant
has the right of appeal." In the instant case, the court of appeals erred in denying
Appellant's general notice of appeal of the trial court's revocation proceeding solely on
the basis of an underlying plea bargain from the original proceeding. The trial judge is
instructed to re-certify this case by designating it as "not a plea-bargain case" on the
certification form. The court of appeals has jurisdiction to consider Appellant's appeal,
subject to Article 42.12 § 5(b). 

 Meyers, J.

Delivered: January 18, 2006

Publish
1. Unless otherwise indicated, all references to Rules refer to the Texas Rules of Appellate
Procedure.
2. Unless otherwise indicated, all references to Articles refer to the Texas Code of Criminal
Procedure.
3. Prior to Dillehey, we had held that a defendant had no right to appeal an order deferring
adjudication because former Article 42.12 § 3d(b), now Article 42.12 § 5(b), granted the right to
appeal only after final adjudication of guilt. See Ex Parte Hernandez, 705 S.W.2d 700 (Tex.
Crim. App. 1986); see also McDougal v. State, 610 S.W.2d 509 (Tex. Crim. App. 1981) (stating
that "if a defendant is dissatisfied with the decision to defer adjudication or with the terms and
conditions of the order, his proper remedy is to move for final adjudication.") 
4. See Vidaurri, 49 S.W.3d at 887 (Johnson, J. concurring) ("The reality of plea bargaining
in regard to a deferred adjudication is that the bargaining is done at the time the defendant is
placed on deferred adjudication. At that time, the plea bargain . . . is complete. At an
adjudication hearing, unless a second bargain as to punishment is reached, there is no plea
agreement, and thus, by its plain language, Rule 25.2[(a)(2)], which is applicable when 'the
punishment assessed did not exceed the punishment recommended by the prosecutor and agreed
to by the defendant,' does not apply.").
5. See Kahookele v. State, 165 S.W.3d 440 (Tex. App.-Austin 2005) (holding that "in
appeals governed by Vidaurri and Woods, the trial court cannot know whether the defendant will
raise an issue related or unrelated to the conviction until the defendant's brief is filed," and the
court did not err by choosing the option on the certification form that preserved the right of
appeal.); Franklin v. State, 165 S.W.3d 807 (Tex. App.-Austin 2005, no pet.) (explaining that
"[t]he certification should state that there was a plea bargain for deferred adjudication, but
following an adjudication of guilt the defendant has the right of appeal as to issues unrelated to
the conviction."); Mobley v. State, No. 07-05-0072-CR, 2005 Tex. App. LEXIS 4188 (Tex. App.-Amarillo May 31, 2005, no pet.) (not designated for publication) (abating the appeal and
remanding the cause to the trial court with directions to re-certify whether an appellant who is
seeking to challenge a post-adjudication issue unrelated to the adjudication of guilt has a limited
right of appeal).